**Douglas F. MILLER, Appellant,**

v.

**J. D. COX, Superintendent of the Virginia State Penitentiary, Appellee.**

No. 14880.

United States Court of Appeals, Fourth Circuit.

March 18, 1971.

---

4. The amount stipulated by the parties as medical, dental and hospital expense.

1020

Douglas F. Miller, pro se.

W. Luke Witt, Asst. Atty. Gen., for appellee.

Before HAYNSWORTH, Chief Judge, SOBELOFF, Senior Circuit Judge, and BUTZNER, Circuit Judge.

SOBELOFF, Senior Circuit Judge:

This habeas corpus proceeding, brought by a Virginia prisoner, presents the question whether and under what circumstances a prisoner who has served time under a conviction and sentence later held invalid is entitled to credit for that time against another sentence.

The question may arise in a variety of situations which need to be distinguished. Where a conviction is set aside and the prisoner is then retried and convicted of the same offense, the Supreme Court has held that the time served under the voided conviction must be credited toward the subsequently imposed sentence. North Carolina v. Pearce, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969). This result was dictated by the constitutional prohibition against multiple punishment for the same offense, a concept embodied in the Double Jeopardy clause of the Fifth Amendment.

A second and distinct situation is presented where a prisoner serving consecutive sentences on several convictions succeeds in having one of the sentences invalidated after it has been fully or partially served. In this instance there is no question of multiple punishment for the same offense. Nevertheless, this court held in Tucker v. Peyton, 357 F.2d 115 (4th Cir. 1966), that the state must credit the sentences remaining to be served on the valid convictions with the time served under the voided conviction.[1] We emphasized that all

---

1. We note that the Virginia Supreme Court in Smyth v. Holland, 199 Va. 92, 97 S.E. 2d 745 (1957), took a position contrary to that of this circuit in *Tucker*. But see

that was involved was an adjustment of the administrative records of the prison authorities so that service on the remaining valid sentences would commence at an earlier date. 357 F.2d at 117. Common sense and fundamental fairness require that under such circumstances the state should not ignore the period of imprisonment under the invalid sentence when an appropriate remedy is so readily available.

There is still a third category which calls for an entirely different treatment of time served under a voided conviction. Here an individual, after his conviction has been invalidated and he has regained his freedom, commits a new crime and receives a new sentence. The issue is then posed whether credit should be allowed on that sentence for time served on the prior invalidated conviction. In Sills v. Peyton, Mem.Dec. 12,045 (4th Cir. 1968), this court faced a claim of credit asserted in such circumstances and squarely rejected it. Sills had served 21 years on convictions set aside because of the state's failure to provide him counsel as mandated by Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963).[2] After Sills' release from prison, he perpetrated several new felonies for which prison sentences aggregating 11 years were imposed. Sills maintained in his federal habeas petition that time served under the void convictions entitled him to credit on his latest sentences, and thus to immediate freedom since the credit, if granted, would exceed the new sentences. His contention went even further. In his view the uncredited portion of the 21 years should also remain available to be applied to any valid sentence or sentences that might be imposed upon him for future criminal conduct. Under the facts of that case, this court declared it "unthinkable to lend support to any ju-

dicial decision which permits the establishment of a line of credit for future crimes." We today reaffirm our holding in Sills, supra. The underlying reasoning was that the availability of credits against sentences for future crimes would provide a sense of immunity and an incentive to engage in criminal conduct. The public policy consideration involved was deemed to outweigh the claim for requital by way of a time allowance for the illegal detention to which the prisoner had been subjected. In such situations perhaps a monetary compensation by the state would be more just and fitting, but this would require legislation by the state. It is not constitutionally required. It is hardly likely that a legislature would authorize compensation in every case where a conviction has been set aside for whatever reason after the service of a sentence or part of it. The legislative scheme would doubtless provide for appropriate inquiry into all the circumstances and particularly whether the prisoner was in fact guilty or innocent and whether an injustice has been done.

The case at hand falls clearly into the third category of cases, and petitioner's claim for credit on his present sentence must be denied. The facts may be briefly summarized as follows. On April 11, 1968, while serving a sentence on a Third Offender conviction entered on September 23, 1964, the petitioner obtained a decision in the federal court invalidating a prior 1954 conviction for storebreaking. This ruling also invalidated his Third Offender conviction which rested in part upon the 1954 conviction, and entitled him to immediate release.

Petitioner's troubles with the law did not end then, however. Soon after his release he committed the crime of forgery for which he was convicted in the

Peyton v. Christian, 208 Va. 105, 155 S.E. 2d 335 (1967); Thacker v. Peyton, 419 F.2d 1377 (4th Cir. 1969).

2. The Court's ruling in *Gideon* has been held retroactive because denial of the right

of counsel "must almost invariably deny a fair trial," Stovall v. Denno, 388 U.S. 293, 297, 87 S.Ct. 1967, 1970 (1967). *See* Pickelsimer v. Wainwright, 375 U.S. 2, 84 S.Ct. 80, 81, 11 L.Ed.2d 41 (1963).

Circuit Court of Montgomery County, Virginia, on February 11, 1969, and sentenced to two years in the State Penitentiary. This conviction is the basis of his present incarceration. On January 18, 1970, in separate proceedings, Miller was also convicted, for the second time, as a Third Offender—the forgery conviction being the third offense. The court imposed an additional sentence of six years, with directions that three years of the term should be suspended during good behavior. Miller has been given credit on his January 18, 1970, Third Offender conviction for the year and 24 days served on his first Third Offender conviction of September 23, 1964, which was later declared null and void. He now alleges in his federal habeas petition that in addition to that credit, he should also be credited for sixteen months served under the voided 1954 conviction.

On the authority of Sills v. Peyton, *supra*, the District Court dismissed Miller's petition. We agree. As a matter of fairness, a sentencing judge may take into account time served on a voided sentence, and ordinarily should where there is a strong indication that the defendant has been required to serve time for an offense he had not actually committed. In this case, it was clearly appropriate, and perhaps required by North Carolina v. Pearce, *supra*, for the state to grant Miller a credit of a year and 24 days, for time served under the voided Third Offender conviction when the petitioner was convicted again in 1970 as a Third Offender—the same offense for which he had already served time. However, the 16 months of imprisonment under the voided 1954 storebreaking conviction is entirely unrelated to the forgery and Third Offender convictions for which he is presently in custody. If a state adopts a policy requiring credit for time served on unrelated convictions, or if it leaves the question to the discretion of the sentencing court, the federal courts are not empowered to revise those judgments.

Accordingly, the application for a certificate of probable cause to appeal is denied and the appeal is dismissed.