Barry Nakell, School of Law, University of North Carolina for petitioner-appellant.

Richard N. League, Sp. Deputy Atty. Gen. (Lacy H. Thornburg, Atty. Gen. on brief), for respondents-appellees.

Before RUSSELL and HALL, Circuit Judges, and BUTZNER, Senior Circuit Judge.

George Thomas WILLIAMS, Petitioner–Appellant,

v.

Raymond HAYES; Hazel Keith; Department of Corrections; Attorney General of the State of North Carolina, Respondents–Appellees.

No. 87–6571.

United States Court of Appeals, Fourth Circuit.

Argued March 10, 1988.

Decided May 11, 1988.

PER CURIAM:

This appeal is from a judgment of the district court dismissing appellant Williams' petition for habeas corpus. We reverse.

Williams was arrested on March 6, 1985 for a robbery which had been committed on March 5, 1985. He was released on a $500.00 bond and the next day was arrested for an armed robbery which had been committed on March 1, 1985. Bond for that offense was set at $60,000.00. Defendant was unable to post that bond and remained in jail for 139 days.

The two cases were consolidated and Williams entered a plea agreement to two counts of common law robbery. He was sentenced to concurrent terms of three years and ten years. The court specified that the three-year sentence was for the March 1 offense which had originally been armed robbery. The ten-year sentence was given for the March 5 offense which had originally been the lesser offense of common law robbery. Because the sentences were issued in this manner, Williams' 139 days of pre-trial jail credit were credited toward the three-year offense since it was this armed robbery charge for which he had been unable to post the $60,000.00 bond. In effect, the 139 days of pre-trial jail credit were made meaningless since the three-year sentence would expire before the ten-year sentence regardless of credit. Williams has sought to have the 139 days applied to his ten-year sentence rather than the shorter one. Williams' application for habeas corpus was dismissed by the district court and he appeals.

This Court has previously expressed concern over the possibility of individuals being allowed to "bank" pre-trial jail credit since "the availability of credits against sentences for future crimes would provide a sense of immunity and an incentive to engage in criminal conduct." *Miller v. Cox*, 443 F.2d 1019, 1021 (4th Cir.1971). Those concerns are not present in this case. Williams is not attempting to have his pre-trial jail time credited to a crime which was committed after serving the 139 days in jail. Rather, both crimes were committed prior to Williams' pre-trial time in jail and Williams was sentenced to concurrent jail terms for the two crimes.

The case most similar to the one at hand is *King v. Wyrick*, 516 F.2d 321 (8th Cir. 1975). In *King*, the defendant was arrested for murder and while in custody was charged with burglary. He was sentenced to concurrent terms of 10 years for burglary and 12 years for murder. The district court granted defendant pre-trial jail credit on the 10 year sentence but denied credit for the longer sentence. The Eighth Circuit noted that

The decision of the district court has gained petitioner nothing: although he received credit on the burglary sentence, he would not be released any sooner as a result of the district court decision, since he is also incarcerated on the longer concurrent 12–year sentence, for which no credit was given.

*Id.* at 323. The Eighth Circuit remanded with instructions that defendant's pre-trial jail credit be applied to his longer sentence.

We agree with the judgment of the Eighth Circuit. In *Miller*, we stressed that these situations would be governed by "[c]ommon sense and fundamental fairness." *Miller*, 443 F.2d at 1021. Here, those concepts dictate that Williams' pre-trial jail time be credited to the longer of his concurrent sentences.

Accordingly, the judgment of the district court is

REVERSED AND REMANDED WITH DIRECTIONS.