**Kenneth HENLEY,
Petitioner–Appellant,**

v.

**Willie E. JOHNSON, Warden,
Respondent–Appellee.**

No. 88–7127.

United States Court of Appeals,
Eleventh Circuit.

Sept. 29, 1989.

Kenneth Henley, Atmore, Ala. and Paul D. Brown, Mobile, Ala., for petitioner-appellant.

Don Siegelman, Atty. Gen. and Rivard Melson, Asst. Atty. Gen., Montgomery, Ala., for respondent-appellee.

Before RONEY, Chief Judge, JOHNSON, Circuit Judge, and YOUNG *, Senior District Judge.

* Honorable George C. Young, Senior U.S. District Judge for the Middle District of Florida, sitting by designation.

GEORGE C. YOUNG, Senior District Judge.

Kenneth Henley, a prisoner of the State of Alabama, filed a petition for a writ of habeas corpus alleging that he is being illegally detained by virtue of an incorrectly computed Alabama State Board of Corrections Inmate Summary dated December 29, 1986. Pursuant to Section 636(b)(1)(B) of Title 28, United States Code, the United States Magistrate reviewed the record and recommended to the district court that the petition be denied on the basis that the summary was accurate. After reviewing *de novo* those portions of the report to which Henley filed specific objections, the district court accepted and adopted the Magistrate's report and entered judgment in favor of the Respondent. We affirm.

## STATEMENT OF THE CASE

On January 8, 1973, Henley pled guilty to robbery in the Circuit Court of Mobile County, Alabama, and was sentenced to a term of 15 years' imprisonment. Henley escaped from prison on April 1, 1973. He was subsequently captured and convicted of a crime in Georgia. Henley served five years and four months in a Georgia prison before he was returned to the State of Alabama.

On June 18, 1979, after being returned to Alabama, Henley was convicted of escape and received a seven-year sentence. On July 21, 1981, Henley was sentenced to five years' imprisonment for another escape conviction. Three of the five years were to run consecutive to the seven-year sentence, and two years were to run concurrent to the seven-year sentence.

On May 25, 1983, Henley's robbery conviction was set aside, and he was not prosecuted again on that charge.

On January 10, 1984, Henley was convicted of yet another escape and was sentenced to a term of 15 years' imprisonment, ten years of which were to be served concurrent to previous sentences. On October

15, 1986, Henley received a 20–year sentence for kidnapping. This sentence was to run consecutive to Henley's other sentences in Alabama and concurrent to sentences imposed on Henley by other states. On the same day, Henley received a ten-year sentence on each of two assault convictions. These sentences were to run concurrent with the 20–year kidnapping sentence. On December 10, 1986, Henley was convicted of felony criminal conspiracy, for which he received a ten-year sentence to run concurrent with previous sentences.

The Magistrate found that the summary correctly reflects Henley's sentences and that his 15–year escape sentence, which began on January 10, 1984, will end in 1999. Upon expiration of the 15–year sentence, Henley will begin serving the 20–year sentence imposed as a result of his October 15, 1986, kidnapping conviction. While he is serving his kidnapping sentence, he will concurrently serve the assault sentences imposed October 15, 1986, and the felony conspiracy sentence imposed December 10, 1986. In sum, Henley is serving a 35–year sentence which began on January 10, 1984. The magistrate further found that Henley is entitled to two months and nineteen days of credit for the time he spent awaiting trial on the first escape charge, that he is not entitled to any good time credits, and that the summary correctly reflects Henley's release date.[1]

## DISCUSSION

Henley raises three claims on appeal. We will discuss those claims *seriatim*.

## I.

■ In his first claim, Henley contends that he is entitled to receive credit for the one year and twenty-three days which he spent awaiting trial on the robbery charge to which he pled guilty on January 8, 1973. Henley also asserts that he is entitled to receive credit for the five-year and four-month period he spent in the custody of the State of Georgia because the Alabama authorities allegedly allowed him to serve his Alabama robbery sentence during his Georgia incarceration.[2] As noted above, Henley's robbery conviction was set aside on May 25, 1983.

Citing *Davis v. United States Attorney General*, 432 F.2d 777, 778 (5th Cir.1970), the Magistrate rejected Petitioner's claim that he is entitled to have the time served in Alabama awaiting trial on the robbery conviction or the time spent in Georgia prison credited against his other convictions.[3] The district court properly adopted the Magistrate's recommendation on this claim. The appellant in *Davis* committed a crime while on mandatory release from the penitentiary where he was serving two sentences imposed by the District Court of Nebraska. A federal district court in Mississippi convicted Davis of the new crime and sentenced him to a term of fourteen years' incarceration. The following year, the Nebraska court granted Davis' motion to vacate the two sentences imposed by that court. Davis then pled guilty to the same charges and was given sentences which were to run concurrently with the fourteen-year sentence on the Mississippi conviction. The court credited the 3,775 days Davis had spent in prison on the vacated convictions against the new sentence for the same offense. On appeal, Davis argued that the time he served under the two vacated sentences also should be applied to reduce the sentence that was im-

---

**1.** The summary reflects Henley's release date as October 20, 2018.

**2.** The magistrate found that Henley "apparently must be referring to his robbery conviction as being served in Georgia because it appears to be the only conviction for which [Henley] was serving [sic] at the time of his escape from Alabama." Even assuming that Henley could produce evidence to establish that the Alabama corrections authorities agreed to allow him to serve his robbery sentence in Georgia, Henley would not be entitled to credit for that time for the reasons discussed above.

**3.** Henley also maintains that he should not have been convicted of the offense of escape because, at the time of his escape, he was not in custody pursuant to an lawful conviction. *See* Ala.Code § 13A–10–30 (1975). This issue was not raised before the district court. Hence, it is not properly before this Court. *See Spann v. Wainwright*, 742 F.2d 606 (11th Cir.1984).

posed by the Mississippi court as a result of the crime he committed while on release. The former Fifth Circuit Court of Appeals stated:

> The basis of appellant's contention is that while serving time under an invalid sentence he managed to earn credit against a future unrelated sentence for a crime not yet perpetrated. We cannot accept such a proposition. An allowance for prison time previously served under a void commitment does not reduce sentences imposed as a result of new and different crimes.

*Id.* at 778.[4]

The facts of the instant case fall squarely within the rule stated in *Davis.* Petitioner apparently seeks to avoid the application of *Davis* to his case by contending that, because he could not have escaped had he not been serving the robbery sentence, his escape convictions are "directly related" to the robbery conviction. Therefore, Henley reasons, the time served on the invalid robbery conviction must be applied against any sentences imposed on Henley as a result of escapes which occurred while he was serving his robbery sentence.

When a conviction is set aside and the prisoner is subsequently retried and convicted of the same offense, it is well-established that under the Double Jeopardy Clause, the time served under the invalid conviction must be credited toward the new sentence. *See Jones v. Thomas,* 491 U.S. ——, 109 S.Ct. 2522, 105 L.Ed.2d 322 (1989); *North Carolina v. Pearce,* 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969). Because Henley's convictions for escape do not arise from the same events which led to his robbery conviction, the State of Alabama's failure to apply the time served pursuant to the invalid robbery conviction against the escape sentence does not violate the constitutional guarantee against multiple punishments for the same offense.[5] *Cf. Metoyer v. Simpson,* 294 F.Supp. 1334 (M.D.Ala.1969).

### II.

In his second claim, Petitioner contends that he has been denied five years of good time credit due on the seven-year sentence he received June 18, 1979, and on the five-year sentence he received July 21, 1981. The district court correctly rejected this claim for the reason set forth in the magistrate's report.

■ On January 10, 1984, Henley was convicted of escape and was sentenced to a term of fifteen years' imprisonment, ten years of which were to be served concurrently with his previous sentences and five years to be served consecutively. Under Section 14–9–41(g)(2) of the Alabama Code, the commencement of the 15–year sentence is the starting point for computation of Henley's remaining sentence in Alabama.[6] Pursuant to that Section 14–9–41(g)(2), the longer sentence imposed in 1984 consumed the shorter sentences for purposes of computing Henley's release date and good time credits. Under Section 14–9–41(e), "no person may receive the benefits of correctional incentive time if he ... has received a sentence for 10 years or more in the state penitentiary...."[7] Thus, when Henley re-

---

4. In *Bonner v. City of Prichard,* 661 F.2d 1206, 1209 (11th Cir.1981) (en banc), this Court adopted as precedent decisions of the former Fifth Circuit Court of Appeals rendered prior to October 1, 1981.

5. Other courts have refused to allow a "line of credit" against sentences for future crimes on the basis that it would provide a sense of immunity and an incentive to engage in criminal conduct. *See Williams v. Hayes,* 846 F.2d 6 (4th Cir.1988); *Bryant v. Warden, Metropolitan Correctional Institution of New York City,* 776 F.2d 394 (2d Cir.1985), *cert. denied,* 475 U.S. 1023, 106 S.Ct. 1216, 89 L.Ed.2d 327 (1986).

6. Section 14–9–41(g)(2) provides, in pertinent part:

   > When a prisoner is serving two or more sentences which run concurrently, the sentence which results in the longer period of incarceration yet remaining shall be considered the term to which such prisoner is sentenced for the purpose of computing his release date and correctional incentive time under the provisions of this article.

7. This Court has held that the Alabama Correctional Incentive Time Act's classification of prisoners serving sentences of ten years or more does not violate the equal protection clause or due process clause. *Thornton v. Hunt,* 852 F.2d 526 (11th Cir.1988).

ceived the 15-year sentence on January 10, 1984, and ten years of the sentence were ordered to run concurrently with Henley's previous sentences, the previous sentences in effect ceased to exist, and Henley no longer benefits from any good time he may have acquired on those sentences.

On appeal, Henley asserts that the record contains no proof as to the date of his escape or the subsequent offenses for which Henley was sentenced on and subsequent to January 10, 1984. Section 14–9–41 does not apply to crimes committed prior to May 19, 1980.[8] Without proof in the record as to the dates of the offenses, Henley argues, the district court erred in finding that Section 14–9–41(e) was properly applied to Henley's sentences.

Prior to this appeal, Henley never raised the claim that he was sentenced on and after January 10, 1984, for offenses which occurred prior to May 19, 1980, and that Section 14–9–41(e) is therefore inapplicable to his sentence on that offense. Even now, Henley does not claim that the offenses in fact occurred prior to that date; rather, he argues only that the record is insufficient to show the date the offenses occurred.

In finding that Section 14–9–41(e) applies to Henley's escape sentence and subsequent sentences, the Magistrate implicitly found that the offenses occurred subsequent to the effective date of the statute. A review of the record reveals that Henley did not file a specific objection to this factual finding. Under Section 636(b)(1) of Title 28, United States Code, findings of fact which are accepted and adopted by the district court without objection by either party become the findings of the district court itself and, on appeal, the parties may not challenge these findings except for plain error or manifest injustice. *LoConte v. Dugger*, 847 F.2d 745 (11th Cir.), *cert. denied*, —— U.S. ——, 109 S.Ct. 397, 102 L.Ed.2d 386 (1988); *Hardin v. Black*, 845 F.2d 953 (11th Cir.1988); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. Unit B 1982) (en banc). The district court's implicit finding that these offenses occurred after the effective date of Section 14–9–41(e) is not plainly erroneous and Henley has established no manifest injustice. Accordingly, we decline to grant relief on this claim.

### III.

In his third claim, Henley asserts that the kidnapping and assault sentences imposed on October 15, 1986, should not be reflected in Henley's inmate summary because the sentencing judge intended and led Henley to believe that Henley would serve these sentences in states other than Alabama. Instead, Henley asserts, these convictions should be listed as detainers to the States of Louisiana and Colorado. The Magistrate rejected this claim on the basis that the plea colloquy revealed Henley was informed that corrections officials would determine whether Henley would be released from Alabama to another state. We agree and find this claim to be without merit.[9]

---

8. Section 14–9–1, which was repealed effective May 19, 1980, did not prohibit the earning of good time for sentences of ten years or more.

9. During oral argument, counsel for Respondent brought to the attention of this Court that Henley filed an earlier petition for habeas relief in which Henley claimed that the guilty pleas he entered to the kidnapping and assault charges were involuntary because he based his pleas on a legitimate expectation or promise that he would be returned to Louisiana to serve a sentence that he owed in that state. *See Henley v. Johnson*, CV No. 87–A–0938–M (M.D.Ala., Oct. 23, 1987). Consistent with the finding of the district court in this case, the court in the earlier case accepted the magistrate's recommendation that Henley's petition be denied on the basis that "[t]he guilty plea hearing transcript reflects only that the trial judge was of the opinion that the authorities would release [Henley] to the State of Louisiana but [the judge] advised [Henley] that he could not guarantee this...." The magistrate concluded that Henley was clearly informed that he should not base his guilty pleas on the belief that he would be released to Louisiana because the Department of Corrections had the right to determine whether it would release Henley to the State of Louisiana. In a final judgment entered October 23, 1987, the district court adopted the magistrate's report and denied Henley relief. Subsequently, the district court refused to grant a certificate of probable cause for appeal. Henley then applied to this Court for a certificate of probable cause. This Court refused to grant the certificate and dismissed the appeal. *See Henley v. Johnson*, No. 87–7694 (11th Cir., Feb. 12, 1988).

Finding no error in the denial of Henley's petition for habeas relief, the order of the district court is affirmed.

AFFIRMED.

Because the substance of the third claim for relief raised in the instant case was considered and rejected on the merits in Henley's prior petition for writ of habeas corpus, the reassertion of the claim herein renders this a successive petition subject to dismissal for abuse of the writ pursuant to Rule 9(b) of the Rules Governing Section 2254 Cases. That rule provides:

A second or successive petition may be dismissed if the judge finds that it fails to allege new or different grounds for relief and the prior determination was on the merits....

"[E]quity usually will not permit a petitioner to reassert a claim already resolved against him in the hope that his successive petition will be heard by a different and perhaps more sympathetic judge." *Gunn v. Newsome,* 11th Cir.1989, 881 F.2d 949 (1989). The government, however, has the burden of pleading that the habeas petitioner has abused the writ. *Id.* Once the government has done so, the burden shifts to the petitioner to show that the ends of justice would be served by reconsideration of the claim. *Darden v. Dugger,* 825 F.2d 287 (11th Cir.1987), *cert. denied,* —— U.S. ——, 108 S.Ct. 1125, 99 L.Ed.2d 285 (1988). Apparently, Respondent overlooked the fact that Henley had previously filed a habeas petition and, thus, failed to plead abuse of the writ during the proceedings below.