948 F.2d 1281
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Franklin J. LOFTIS, Plaintiff-Appellant,
v.
COUNTY OF HORRY, SC; State Officials In Office Capacity,
Defendants-Appellees.
 No. 91-7659.
 United States Court of Appeals, Fourth Circuit.
 Submitted Nov. 7, 1991.
Decided Nov. 27, 1991.
 
 Appeal from the United States District Court for the District of South Carolina, at Florence. C. Weston Houck, District Judge. (CA-87-792-4-2B)
 Franklin J. Loftis, appellant pro se.
 Donald J. Zelenka, Chief Deputy Attorney General, Columbia, S.C., for appellees.
 D.S.C.
 AFFIRMED IN PART, VACATED IN PART, AND REMANDED.
 Before DONALD RUSSELL and PHILLIPS, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 OPINION
 PER CURIAM:
 
 
 1
 Franklin J. Loftis appeals from the district court's order denying relief under 28 U.S.C. § 2254 (1988) and 42 U.S.C. § 1983 (1988) to remedy the denial of credit for time served while awaiting extradition. We affirm on the reasoning of the district court as to the § 1983 claim, Loftis v. County of Horry, No. 87-792-4-2B (D.S.C. July 15, 1991), but vacate and remand as to the § 2254 habeas corpus claim.
 
 
 2
 In October 1982, Loftis was arrested in West Virginia on murder and conspiracy to commit armed robbery charges pending in South Carolina. On December 9, 1982, he was extradited to Horry County, South Carolina. He was convicted in April 1983 of criminal conspiracy and sentenced by Judge Kinon, a Defendant in this action, to five years imprisonment with credit for jail time of fourth months. Before his release on parole on the conspiracy conviction, he was convicted on the murder charges and sentenced to life imprisonment.
 
 
 3
 Loftis now seeks credit or redress for the forty-one days served while awaiting extradition. As to the § 2254 claim, we agree that Loftis is entitled to credit for time served while awaiting extradition from West Virginia to South Carolina. See Durkin v. Davis, 538 F.2d 1037, 1039 (4th Cir.1976) (credit for jail time awaiting trial on bailable offense constitutionally mandated); S.C.Code Ann. § 24-13-40 (Law.Co-op.1989) (credit given for time served prior to trial). The district court held that Loftis's claim for relief is moot since the sentence for criminal conspiracy has expired. However, Loftis is presently incarcerated for the murder convictions. We find it significant that the arrest warrant and waiver of extradition form listed the murder charges as well as the criminal conspiracy charge as the reasons for extradition, and we conclude that the district court erred in refusing to consider the availability of credit toward Loftis's present incarceration for murder. See Williams v. Hayes, 846 F.2d 6 (4th Cir.1988) (fundamental fairness requires that jail credit which relates to two sentences be applied against sentence from which prisoner would derive some benefit).
 
 
 4
 Loftis's § 1983 claim against the sentencing judge, however, fails because judges are entitled to absolute judicial immunity. See Stump v. Sparkman, 435 U.S. 349 (1978). The clerk of court is entitled to derivative immunity if he was acting under the court's direction. Plaintiff has not alleged or shown otherwise. See McCray v. Maryland, 456 F.2d 1 (4th Cir.1972).
 
 
 5
 For the reasons expressed, a certificate of probable cause is granted and the judgment of the district court is vacated as to the § 2254 claim and affirmed as to the § 1983 claim, and the case is remanded for further consideration. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 6
 AFFIRMED IN PART, VACATED IN PART, AND REMANDED.