**Lawrence Michael HARRISON, Petitioner–Appellant,**

v.

**John LAMANNA, Warden, Respondent–Appellee.**

No. 00–3706.

United States Court of Appeals, Sixth Circuit.

May 8, 2001.

---

Before KENNEDY and DAUGHTREY, Circuit Judges; McKEAGUE, District Judge.*

### ORDER

Lawrence Michael Harrison appeals a district court judgment dismissing his habeas corpus petition filed under 28 U.S.C. § 2241. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

* The Honorable David W. McKeague, United States District Judge for the Western District

In March 1996, a jury found Harrison guilty of conspiracy to commit wire fraud in violation of 18 U.S.C. §§ 371 and 1343, wire fraud in violation of 18 U.S.C. § 1343, money laundering in violation of 18 U.S.C. § 1956, and tax evasion in violation of 26 U.S.C. § 7201. The district court ordered Harrison to pay restitution and sentenced him to 188 months of imprisonment and three years of supervised release. The Fifth Circuit affirmed Harrison's conviction and sentence on appeal (without opinion), and the Supreme Court denied Harrison's petition for a writ of certiorari. In December 1998, Harrison filed an unsuccessful motion to vacate his sentence under 28 U.S.C. § 2255.

In his current § 2241 habeas corpus petition filed in April 2000, Harrison claimed that his sentence should be reduced by the amount of time he spent incarcerated on an unrelated 1984 federal conviction which was vacated in 1986 and that the Bureau of Prisons' refusal to so reduce his sentence violates due process. The district court dismissed the petition because Harrison was improperly seeking to challenge the imposition of his sentence under § 2241 and because Harrison's claim lacked merit.

Harrison reasserts his claim in his timely appeal and moves the court for leave to proceed in forma pauperis.

A petition for a writ of habeas corpus under § 2241 is reserved for a challenge to the manner in which a sentence is executed, rather than the validity of the sentence itself. *United States v. Jalili,* 925 F.2d 889, 893–94 (6th Cir.1991). A district court's judgment denying a § 2241 motion is subject to de novo review. *See Charles v. Chandler,* 180 F.3d 753, 755 (6th Cir.1999). Such review reflects that the

of Michigan, sitting by designation.

district court properly dismissed Harrison's petition.

■ The essence of Harrison's contention is that while serving time under an invalid sentence he managed to earn credit against a future unrelated sentence for a crime not yet perpetrated. Harrison cites to no authority for his contention, and the court is aware of none. On the contrary, 18 U.S.C. § 3585(b), provides that:

A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences—(1) as a result of the offense for which the sentence was imposed; or (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed; that has not been credited against another sentence.

In this case, Harrison's later sentence was not based on the same charges that led to his prior, vacated sentence. Harrison does not dispute that the convictions are separate and unrelated. The initial conviction occurred in 1984 in the Eastern District of New York, and resulted in a sentence of sixty months. That conviction was reversed in 1986 by the Second Circuit. On January 26, 1995, Harrison was arrested with respect to the immediate charges. In 1996, in the Northern District of Texas, Harrison was convicted of separate charges and sentenced to 188 months of imprisonment. Harrison is currently serving the 188-month sentence. An allowance for prison time previously served under a void commitment does not reduce sentences imposed as a result of new and different crimes. *See Henley v. Johnson,* 885 F.2d 790, 793 (11th Cir.1989).

Accordingly, we grant Harrison leave to proceed in forma pauperis and affirm the district court's judgment pursuant to Rule 34(j)(2)(C), Rules of the Sixth Circuit.