**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────────

**No. 12-4235**

─────────────

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

JONATHAN CLINGMAN LOGAN,

        Defendant – Appellant.

─────────────

**No. 12-4236**

─────────────

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

JONATHAN CLINGMAN LOGAN,

        Defendant - Appellant.

─────────────

Appeals from the United States District Court for the Western District of North Carolina, at Asheville.  Martin K. Reidinger, District Judge.  (1:11-cr-00001-MR-DLH-1; 1:10-cr-00089-MR-DLH-1)

─────────────

Submitted:  November 29, 2012    Decided:  December 13, 2012

─────────────

Before MOTZ, KING, and THACKER, Circuit Judges.

─────────────

Affirmed by unpublished per curiam opinion.

Henderson Hill, Executive Director, Ann L. Hester, FEDERAL DEFENDERS OF WESTERN NORTH CAROLINA, INC., Charlotte, North Carolina, for Appellant. Anne M. Tompkins, United States Attorney, Melissa L. Rikard, Assistant United States Attorney, Charlotte, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

In No. 12-4235, Jonathan Logan appeals the eighteen-month sentence imposed upon revocation of supervised release. In No. 12-4236, he appeals the consecutive eighteen-month sentence imposed pursuant to his guilty plea to four counts of bank fraud. We affirm.

I

Logan's Guidelines range for the bank fraud convictions was 12-18 months. During argument at sentencing, defense counsel discussed Logan's medical problems and urged the court to consider splitting the sentence between a period of incarceration and one of community placement.

The district court sentenced Logan to eighteen months on each count, to run concurrently. In imposing the sentence, the court took into consideration the 18 U.S.C. § 3553(a) (2006) sentencing factors. The court expressed its concern that the offenses had occurred relatively soon after Logan's release from prison on other charges. The court also noted that defrauding banks was the equivalent of stealing from the banks' customers.

Logan claims that the sentence is unreasonable because, when imposing the sentence, the court did not mention either his medical condition or his request that the sentence be split between incarceration and community placement. We review

the reasonableness of the sentence for abuse of discretion. United States v. Diosdado-Star, 630 F.3d 359, 363 (4th Cir. 2011).

We find that the district court did not abuse its discretion. The district court's explanation of the selected sentence was adequate under established circuit law. See United States v. Carter, 564 F.3d 325, 330 (4th Cir. 2009).

II

In 2009, Logan was sentenced to forty-six months for wire fraud, bank fraud, and aggravated identity theft. He appealed, and the parties jointly moved to remand for resentencing in light of Flores-Figueroa v. United States, 556 U.S. 646 (2009). Logan was resentenced to twenty-five months in prison. He had already served approximately thirty months in prison by the time of his resentencing. Logan was released from incarceration and placed on supervised release. He then admitted to violating certain terms of his release, which was revoked.

Logan was sentenced for both the release violation and bank fraud at the same proceeding. With respect to the release violation, defense counsel asked the court to take into account Logan's over-service of his original sentence. The district

4

court replied that it could not consider such over-service when fashioning an appropriate revocation sentence.

Logan claims that his sentence is procedurally unreasonable because the district court refused to consider over-service of the previous sentence when selecting the revocation sentence. "This Court reviews whether or not sentences imposed upon revocation of supervised release are within the prescribed statutory range and are not plainly unreasonable." United States v. Thompson, 595 F.3d 544, 546 (4th Cir. 2010) (internal quotation marks omitted).

We conclude that Logan has not established that his sentence is plainly unreasonable. Counsel has not identified, and we have not located, any case law holding that over-service of a sentence may be taken into consideration when imposing a revocation sentence, and there is reason to be wary of allowing over-service to "establish[] . . . a line of credit" to be used against future violations of the law. See Miller v. Cox, 443 F.2d 1019, 1021 (4th Cir. 1971) (internal quotation marks omitted).


                                III

We therefore affirm. We dispense with oral argument because the facts and legal contentions are adequately presented

                                 5

in the materials before this court and argument would not aid the decisional process.

AFFIRMED