**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 12-4961**

_____

UNITED STATES OF AMERICA,

             Plaintiff - Appellee,

       v.

LEROY RAGIN,

             Defendant - Appellant.

_____

Appeal from the United States District Court for the Western
District of North Carolina, at Charlotte.  Max O. Cogburn, Jr.,
District Judge.  (3:90-cr-00025-MOC-1)

_____

Submitted:  July 16, 2013                Decided:  July 30, 2013

_____

Before NIEMEYER, KING, and GREGORY, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

Frank A. Abrams, LAW OFFICE OF FRANK ABRAMS, PLLC, Asheville,
North Carolina, for Appellant.  Anne M. Tompkins, United States
Attorney, William M. Miller, Assistant United States Attorney,
Charlotte, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Leroy Ragin appeals the district court's judgment revoking his supervised release and imposing a fourteen-month prison term. Ragin challenges this sentence, arguing that it is plainly unreasonable. We affirm.

A district court has broad discretion to impose a sentence upon revoking a defendant's supervised release. United States v. Thompson, 595 F.3d 544, 547 (4th Cir. 2010). We will affirm a sentence imposed after revocation of supervised release if it is within the applicable statutory maximum and not "plainly unreasonable." United States v. Crudup, 461 F.3d 433, 437, 439-40 (4th Cir. 2006). In determining whether a revocation sentence is plainly unreasonable, we first assess the sentence for unreasonableness, "follow[ing] generally the procedural and substantive considerations that we employ in our review of original sentences." Id. at 438.

A supervised release revocation sentence is procedurally reasonable if the district court considered the Sentencing Guidelines' Chapter 7 advisory policy statements and the 18 U.S.C.A. § 3553(a) (West 2000 & Supp. 2013) factors it is permitted to consider in a supervised release revocation case. 18 U.S.C.A. § 3583(e) (West 2000 & Supp. 2013); Crudup, 461 F.3d at 439. Such a sentence is substantively reasonable if the district court stated a proper basis for concluding the

defendant should receive the sentence imposed, up to the statutory maximum. Crudup, 461 F.3d at 440. Only if a sentence is found procedurally or substantively unreasonable will we "then decide whether the sentence is plainly unreasonable." Id. at 439. A sentence is plainly unreasonable if it is clearly or obviously unreasonable. Id.

In this case, there is no dispute that Ragin's fourteen-month prison sentence does not exceed the applicable statutory maximum sentence of five years' imprisonment, 18 U.S.C. § 3559(a) (2006); 18 U.S.C.A. § 3583(e)(3) (West Supp. 2013), and Ragin does not assert that the district court committed any procedural errors. Rather, he contends that his sentence is substantively unreasonable in light of fact that he appears to have over-served his initial sentence.

Ragin cites no authority, however, for his claim that it was plainly unreasonable and "manifestly unjust" for the district court to have imposed a term of imprisonment, followed by an additional forty-six months of supervised release. We have previously noted that it is "unthinkable to lend support to any judicial decision which permits the establishment of a line of credit for future crimes." Miller v. Cox, 443 F.2d 1019, 1021 (4th Cir. 1971) (internal quotation marks omitted).

Additionally, upon review of the parties' briefs and the record, we conclude that the fourteen-month prison sentence,

3

which represents a downward variance from the advisory policy statement range of thirty to thirty-seven months' imprisonment, is not unreasonable. The district court considered the advisory policy statement range and Ragin's arguments that he had overserved his sentence by as much as four years, and imposed a downward variance in order to take Ragin's over-service into account. It is apparent that the court also considered relevant § 3553(a) factors, addressing on the record the nature and circumstances of Ragin's violative behavior and the need for the sentence to afford adequate deterrence to Ragin's criminal conduct. 18 U.S.C. § 3553(a)(1), (2)(B). We conclude that the district court adequately explained its rationale for imposing the fourteen-month prison sentence and relied on proper considerations in doing so.[*] Based on the broad discretion that a district court has to revoke a term of supervised release and impose a prison term up to the statutory maximum, Ragin's revocation sentence is not clearly unreasonable. Therefore, we conclude that Ragin's sentence is not plainly unreasonable.

---

[*] Even assuming that over-service of Ragin's sentence was not a proper basis for the downward variance, consideration of this factor benefited Ragin. Under the "party presentation principle . . . an appellate court may not alter a judgment to benefit a nonappealing party." Greenlaw v. United States, 554 U.S. 237, 244-45 (2008) (holding that, in the absence of a Government cross-appeal, an appellate court may not sua sponte correct a district court error if the correction would be to the defendant's detriment).

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED