**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 13-4486**

UNITED STATES OF AMERICA,

　　　　　　　Plaintiff - Appellee,

　　　v.

JOHNNY ALLEN HASS,

　　　　　　　Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte.　Frank D. Whitney, Chief District Judge.　(3:98-cr-00168-FDW-1)

Submitted:　May 23, 2014　　　　　Decided:　June 5, 2014

Before WILKINSON, MOTZ, and THACKER, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Chiege O. Kalu Okwara, LAW OFFICE OF CHIEGE O. KALU OKWARA, Charlotte, North Carolina, for Appellant.　Anne M. Tompkins, United States Attorney, William M. Miller, Assistant United States Attorney, Charlotte, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Johnny Allen Hass appeals the district court's judgment revoking his supervised release and sentencing him to eighteen months in prison followed by an additional thirty months of supervised release. On appeal, Hass contends that the district court erred in denying his motion to dismiss the petition on supervised release because it was filed beyond the expiration of the supervised release term. In a related argument, Hass argues that the district court, in fashioning its sentence, failed to credit him the time he spent in Bureau of Prisons ("BOP") custody awaiting civil commitment proceedings. We affirm.

In 1995, Hass pled guilty to interstate transportation of child pornography via computer. In 1998, he pled guilty to receiving child pornography shipped in interstate commerce via computer. He was sentenced to eighty-five months' imprisonment followed by five years of supervised release. He began his term of supervised release in December 2004. In August 2005, the district court modified the terms of his supervised release after a search revealed that he possessed pornographic materials in his home. Five months later, the probation officer petitioned for Hass's arrest based on a series of violations, including failure to comply with the terms of his home detention, failure to report to his probation officer,

2

possession of pornographic images depicting minors, and using a computer to view pornography. The court revoked Hass's supervised release and sentenced him to twelve months followed by four years of supervised release.

One day prior to Haas's projected release, on January 10, 2007, the Government certified Hass as a sexually dangerous person under the Adam Walsh Child Protection And Safety Act of 2006 (the "Act"). In accordance with the Act, the petition for civil commitment stayed Hass's release pending the outcome of a hearing to determine whether Hass was sexually dangerous. In September 2007, Hass moved to dismiss the petition, challenging the constitutionality of the Act. The district court deferred a ruling and placed this case in abeyance for appellate consideration of the issue. On June 11, 2010, the district court lifted the stay after the Supreme Court held the Act was constitutional. See United States v. Comstock, 560 U.S. 126, 130 (2010); see also United States v. Timms, 664 F.3d 436, 449 (4th Cir. 2012) (upholding constitutionality of the Act under the Equal Protection Clause). After lifting the stay, the district court conducted an evidentiary hearing and, by order entered on February 15, 2012, it concluded Hass was not a sexually dangerous person. In light of this ruling, Hass was released and he began serving his four-year term of supervised release.

Within a year of release, Hass's probation officer petitioned for his arrest based on Hass's alleged possession of child pornography and viewing adult and child pornography. Prior to the revocation hearing, Hass moved to dismiss the probation officer's petition and to terminate supervised release. Hass argued his supervised release commenced on January 11, 2007, the date he was scheduled to be released from prison, and that his term of supervision expired while he was detained pending the civil commitment proceeding. The district court concluded that Hass's term of supervised release did not begin until he was actually released from custody in February 2012, at the conclusion of the civil commitment proceeding, and accordingly denied Hass's motion.

Hass subsequently admitted to both violations. The court calculated an advisory Guidelines range of eighteen to twenty-four months in prison, based on a Grade B violation and a criminal history category of V. Both parties recommend a low-end sentence of eighteen months in prison but disagreed over whether the sentenced should include a term of supervised release; Hass requested no additional supervision and the Government asked for thirty months. The district court revoked Hass's supervised release and sentenced him to eighteen months in prison followed by thirty months of supervised release.

On appeal, Hass first argues that the district court lacked jurisdiction to revoke his supervised release because his term of supervision expired while he was in custody awaiting the resolution of his civil commitment proceedings. The issue of when Hass's supervised release began is a question of law, which this court reviews de novo.[1] See United States v. Neuhauser, 745 F.3d 125, 127 (4th Cir. 2014); see also United States v. Winfield, 665 F.3d 107, 109 (4th Cir. 2012); United States v. Buchanan, 638 F.3d 448, 451 (4th Cir. 2011). Hass's argument is foreclosed by our recent decision in Neuhauser. In that case, we noted, "[o]rdinarily, the BOP releases a prisoner from confinement upon the expiration of his criminal sentence," Neuhauser, 745 F.3d at 127 (citing 18 U.S.C. § 3624(a) [(2012)]), "[b]ut under certain conditions, a defendant's release from confinement will be stayed for some time beyond that date." Id. In Neuhauser, there was no dispute that the defendant, like Hass, remained confined in civil detention by the BOP beyond the expiration of his prison sentence pending the resolution of his status under 18 U.S.C. § 4248. We held, however, that Neuhauser's supervised release did not begin until

---

[1] There is no dispute that the district court would have jurisdiction over the petition as long as it was filed (and the warrant issued) prior to its expiration. See 18 U.S.C. § 3583(i) (2012).

5

he was released from confinement four-and-a-half years later. See also United States v. Johnson, 529 U.S. 53, 57, 59 (2000) (noting its interpretation of 18 U.S.C. § 3624(e), that supervised release "does not run while an individual remains in the custody of the Bureau of Prisons," was consistent with Congressional intent, because "[t]he objectives of supervised release would be unfulfilled if excess prison time were to offset and reduce terms of supervised release"). Accordingly, we conclude Hass's supervised release term did not begin until he was released by the BOP in February 2012 and therefore the district court had jurisdiction to entertain the petition for revocation.

Alternatively, Hass argues that the district court, in fashioning its sentence, should have afforded him credit for the time he spent in prison while awaiting his civil commitment proceeding. "A district court has broad discretion when imposing a sentence upon revocation of supervised release." United States v. Webb, 738 F.3d 638, 640 (4th Cir. 2013). Accordingly, in examining a sentence imposed upon revocation of supervised release, this court "takes a more deferential appellate posture concerning issues of fact and the exercise of discretion than reasonableness review for guidelines sentences." United States v. Moulden, 478 F.3d 652, 656 (4th Cir. 2007) (internal quotation marks omitted). This court will affirm a

6

revocation sentence that falls within the statutory maximum, unless it finds the sentence to be "plainly unreasonable." United States v. Crudup, 461 F.3d 433, 437 (4th Cir. 2006). In reviewing a revocation sentence, this court must first determine "whether the sentence is unreasonable," using the same general analysis employed to review original sentences. Id. at 438. Only if it finds a sentence to be procedurally or substantively unreasonable will this court determine whether the sentence is "plainly" so. Id. at 439.

A revocation sentence is procedurally reasonable if the district court has considered both the applicable 18 U.S.C. § 3553(a) (2012) factors and the policy statements contained in Chapter Seven of the Guidelines. Crudup, 461 F.3d at 439. The district court also must provide an explanation of its chosen sentence, although this explanation "need not be as detailed or specific" as is required for an original sentence. United States v. Thompson, 595 F.3d 544, 547 (4th Cir. 2010). A revocation sentence is substantively reasonable if the district court states a proper basis for concluding that the defendant should receive the sentence imposed. Crudup, 461 F.3d at 440.

Because Hass did not request a sentence different from the one ultimately imposed, his claim is reviewed only for plain

error.[2]  United States v. Lynn, 592 F.3d 572, 577-79 (4th Cir. 2010).  To establish plain error, Hass must show that an error occurred, that the error was plain, and that the error affected his substantial rights.  United States v. Aidoo, 670 F.3d 600, 611 (4th Cir. 2012).

Hass argues the court erred by sentencing him to an additional term of imprisonment rather than given him credit for the time he spent in BOP custody awaiting his civil commitment proceedings.  Hass however overlooks the fact that he was being sentenced for violating the terms of his supervised release and he cites no precedent to support his claim that over-service of a prior sentence is even a proper consideration for a court when imposing a revocation sentence.  This court has previously noted that it is "unthinkable to lend support to any judicial decision which permits the establishment of a line of credit for future crimes."  Miller v. Cox, 443 F.2d 1019, 1021 (4th Cir. 1971) (internal quotation marks omitted).  We further conclude that the district court adequately explained its rationale for imposing the eighteen-month prison sentence and relied on proper considerations in doing so.  Based on the broad discretion that

[2] Hass requested a sentence at the low end of the Guidelines, which he received.  Although the district court denied Hass's request for no additional term of supervised release, Hass's argument concerns the term of imprisonment and, therefore, his claim is reviewed for plain error only.

a district court has to revoke a term of supervised release and impose a prison term up to the statutory maximum, Hass's revocation sentence is not clearly unreasonable. Therefore, we conclude that Hass's sentence is not plainly unreasonable.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED