**Lewis Aaron BOWEN, Petitioner-Appellant,**

v.

**A.I. MURPHY, Warden and Attorney General, State of Oklahoma Jan Eric Cartwright and Tulsa County, Respondents-Appellees.**

**No. 81–1592.**

United States Court of Appeals, Tenth Circuit.

March 23, 1982.

Lewis Aaron Bowen, pro se.

Jan Eric Cartwright, Atty. Gen., and John E. Douglas, Asst. Atty. Gen., Oklahoma City, Okl., for respondents-appellees.

Before BARRETT, McKAY and LOGAN, Circuit Judges.

PER CURIAM.

After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. *See* Fed.R. App.P. 34(a); Tenth Circuit R. 10(e). The cause is therefore ordered submitted without oral argument.

Lewis Aaron Bowen appeals from the denial of his petition for writ of habeas corpus, brought pursuant to 28 U.S.C. § 2254. Bowen argues that the district court erred in failing to give him credit for the time he was imprisoned on vacated convictions and by not granting him an evidentiary hearing. We affirm.

■ When this action was commenced, Bowen was serving a fifteen-year sentence for armed robbery at the Oklahoma State Penitentiary, McAlester, Oklahoma. He previously had been convicted and served sentences for numerous unrelated offenses. While incarcerated, Bowen filed a state court petition for post-conviction relief pursuant to Oklahoma law, challenging the validity of his most recent conviction and several prior convictions. The Oklahoma court voided some of Bowen's prior convictions, but did not credit his current sentence with the time served on the vacated convictions. This was affirmed by the Oklahoma Court of Criminal Appeals. Bowen thereafter filed this petition.

The district court determined that Bowen is not entitled to credit on the sentence he is now serving for the time he was imprisoned under the void convictions. We agree. Bowen is, effectively, requesting credit on a future unrelated sentence for a crime not yet perpetrated at the time of the previous void sentences. This would result in allowing convicted individuals to establish a line of credit for future crimes, giving them a sense of immunity and an incentive to engage in criminal conduct. *See Miller v. Cox,* 443 F.2d 1019 (4th Cir.1971). Bowen is not entitled to this credit under state law, *Floyd v. Oklahoma,* 540 P.2d 1195 (Okl.Cr. 1975), nor does he have a constitutional right to such credit. *Miller v. Cox, supra; Davis v. U.S. Attorney General,* 432 F.2d 777 (5th Cir.1970); *United States ex rel. Smith v. Rundle,* 285 F.Supp. 965 (E.D.Pa. 1968).

■ Bowen also argues that the district court below erred by not conducting an evidentiary hearing. Where, as here, there is no factual dispute, an evidentiary hearing is not necessary. 28 U.S.C. § 2254(d).

AFFIRMED. The mandate shall issue forthwith.