UNITED STATES

v.

**Willie COLEMAN, Seaman Recruit, U.S. Coast Guard.**

CGCM 0031.
Docket No. 944.

U.S. Coast Guard Court of Military Review.

25 Oct. 1990.

Trial Counsel: LT James A. Wilson, USCGR.

Detailed Defense Counsel: LT Jeffrey D. Stieb, USCG.

Appellate Government Counsel: CDR Richard Buckingham, USCG.

Appellate Defense Counsel: LT G Arthur Robbins, USCG.

Before Panel Two, BAUM, GRACE and BASTEK, Appellate Military Judges.

BAUM, Chief Judge:

On 19 September, 1990, Government Counsel filed a motion for reconsideration of Part III of this court's decision of August 30, 1990. 31 M.J. 653. That motion was supplemented on 27 September, 1990 to reflect that no petition for grant of review and no certificate of review had been filed with the United States Court of Military Appeals. In his motion for reconsideration, Counsel for the Government submits that our decision to grant forty-two additional days of administrative credit on the sentence to confinement should be re-examined for three reasons:

(1) the issue involved is apparently one of first impression in reported military case law;

(2) our language could be contrary to general federal criminal law and strong public policy underlying the law; and

(3) there is considerable potential for confusion from our opinion if it is construed as precedent for routine crediting of prior confinement served and constructively earned good time.

In contrast, appellant says this court's ruling was clear and the issue does not merit reconsideration. We view our decision in the same light as appellant. However, in the interest of clearing up any possible confusion with respect to the mat-

ter of additional confinement credits, the Government's motion for reconsideration, having met the filing terms of Rule 19, Courts of Military Review Rules of Practice and Procedures, is, hereby, granted. Upon reconsideration, our decision is reaffirmed.

█ As indicated in our prior opinion, an additional crediting of forty-two days confinement is warranted under the circumstances of this particular case. The judge ruled at trial that the accused was entitled to additional credit for confinement served beyond the time he should have been released from an earlier unrelated sentence. That trial ruling became the law of the case. We have followed it in granting further credit for forty-two more days based on good time earned on that earlier sentence. The need for this additional credit was not presented to the judge and, accordingly, was not incorporated in his earlier ruling.

The judge's action with respect to this matter was based on orders by this court and the Convening Authority that "all rights, privileges, and property of which the accused has been deprived by virtue of that portion of the sentence set aside shall be restored." Eighth Coast Guard District General Court–Martial Supplemental Order of May 5, 1989, and *U.S. v. Coleman*, 28 M.J. 656, 658 (CGCMR 1989). The judge agreed with the defense that compliance with these orders warranted the crediting of confinement served beyond the release date of that earlier sentence. We believe the judge had broad authority to grant such credit even though the earlier confinement may have been lawful in all respects. Cf. *Gragg v. U.S.*, 10 M.J. 732, 737 (NCMR 1980) (Baum, SJ, dissenting). (On basis of judge's implicit authority to give credit for lawfully imposed pretrial confinement, dissent would grant habeas corpus petition) *rev'd* 10 M.J. 286 (CMA 1981) (habeas corpus granted on other grounds by a divided court). As we have indicated, the principle of granting such credit has now become the law of this case, as ruled by the trial judge. Because of the convening authority's treatment of both sentences as interrelated, we

have no qualms about extending the judge's ruling to encompass an additional forty-two days for good time earned, which had not been credited on that earlier sentence.

The convening authority's action commuting the dishonorable discharge in this case to additional confinement was taken on the assurance that the Commandant of the Coast Guard would order the earlier adjudged bad conduct discharge executed. The Convening Authority's removal of the punitive discharge from the instant case, in reliance on the accused's receiving such a discharge from the earlier court, warrants our crediting confinement from that earlier court against the approved additional confinement converted from the dishonorable discharge. Our decision on this issue is based entirely on the unique facts of this case and is not meant to establish a general rule of crediting.

█ Government Counsel has argued that a general rule calling for routine crediting of such previously earned confinement would be contrary to the federal rule drawn from opinions addressing this matter, *Bowen v. Murphy*, 693 F.2d 104 (10th Cir.,1982); *Bryant v. Warden, Metro Correctional Center*, 776 F.2d. 394 (2nd Cir., 1985), *U.S. v. Commonwealth and Common Pleas Court of Pennsylvania*, 260 F.Supp 474 (E.D.PA., 1966). These opinions make it clear that, as a general rule, an accused is not entitled to credit on a future unrelated sentence for confinement served that is later voided. In other words, time served on an invalid sentence cannot be used as a matter of right to offset a sentence imposed for a future crime. Such banking of confinement credits for the future would be contrary to public policy because individuals should not be encouraged to commit crimes knowing they have a line of credit that can be applied against future sentences. *Bryant v. Warden*, Supra at 396; *Bowen v. Murphy*, supra at 105; *McGinnis v. U.S. ex rel. Pollack*, 452 F.2d 833, 835 (2d Cir.1971). *Miller v. Cox*, 443 F.2d 1019, 1021–22 (4th Cir., 1971).

 

Our action in this case is not intended to establish a different rule for the military or for the Coast Guard in particular. The federal decisions on this matter make eminently good sense. The facts of this case, however, call for a different result in this instance. For that reason, the decision of August 30, 1990 is reaffirmed.