[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] Memorandum of Decision
In his petition for a Writ of Habeas Corpus originally filed on January 30, 2002 and amended on August 9, 2002, the petitioner, Brandon Barnes, asserts that he is being denied proper credit for a period of pretrial confinement he served prior to the imposition of sentence. For the reasons set forth more fully below, this Court finds the computation of the credit to be correct and the petition shall be denied.
Findings of Fact
The petitioner was the defendant in a criminal case pending in the Superior Court (GA-12) under docket number CR96-0151168. On July 30, 1997, he was convicted pursuant to his plea of guilty of Robbery in the first degree in violation of CGS § 53a-134. On September 11, 1997, the petitioner was sentenced by the Court, Cofield, J. to eight years, execution suspended after the service of fourteen months to be followed by probation for a period of five years. On April 16, 1998, the petitioner was released from the custody of the Commissioner of Correction and commenced his five-year period of probation.
On July 13, 1998, the petitioner was arraigned in the Superior Court (GA-12) under Docket Number CR98-0162703 and charged with having committed an Assault upon a Police Officer in violation of CGS §53a-167c and Interference with a Police Officer in violation of CGS § 53a-167a. The petitioner's bond was set at $25,000.00 cash or surety, by the Court, Leavitt, J. on July 13, 1998. The petitioner did not post this bond[1] and remained in the custody of the Commissioner of Corrections in a pretrial confinement status.
On March 30, 1999, the petitioner was again arraigned in the Superior Court (GA-12) under Docket Number CR96-151168. This time, he was charged with having violated his probation that had been imposed in connection with the conviction for Robbery. The Court, Daddabbo, J. set the bond in CT Page 1903 this case at $25,000.00 cash or surety. The petitioner did not post this bond[1] either and remained in the custody of the Commissioner of Corrections in a pretrial confinement status.
On September 16, 1999, pursuant to a pretrial agreement between the petitioner and the state, the petitioner pleaded guilty to the charge of interference with a police officer in violation of CGS § 53a-167a and admitted the violation of his probation. The Court, Smith, Sr. J. imposed a sentence of one year to serve on the Interference charge and four years to serve on the Violation of Probation, both sentences to run concurrently for a total effective sentence of four years to serve.
Discussion of Law
 I
The prime issue in this case is the application of jail credits and the manner in which this affects the release date of the inmate. The starting point of this analysis is the Bill of Rights, in particular the5th Amendment to the United States Constitution adopted on December 15, 1791. This venerable principle from the earliest days of our Republic provides that no person shall "twice be put in jeopardy of life or limb" for the same offense.
Where a person is held in pretrial confinement, he or she is entitled to have a credit for that time applied to the ultimate sentence adjudged by the Court. Any action by the legislature to do otherwise would have been an affront to the principle of double jeopardy espoused in the Bill of Rights. "[T]he purpose of the jail time statutes is to give recognition to the period of presentence time served and to permit the prisoner, in effect, to commence serving his sentence from the time he was compelled to remain in custody due to a mittimus . . . or because of the court's refusal to allow bail or the defendant's inability to raise bail." Holmquist v. Manson, 168 Conn. 389 at 393-94 (1975). The issue that has arisen in this case was brought about by the fact that the petitioner entered pretrial confinement on different days. Had he been deprived of his liberty on the same day for both cases, then there would have been a simple resolution. Since that is not the case, then it is necessary to see how the pretrial confinement days were credited.
In its response to the problem of crediting presentence confinement days, the legislature passed C.G.S. § 19-98d, which provides that "each day of presentence confinement shall be counted only once for the purpose of reducing all sentences imposed after such presentence confinement." Emphasis added. Connecticut General Statutes § 53a-38
CT Page 1904 (b) provides that "[a] definite sentence of imprisonment commences when the prisoner is received in the custody to which he was sentenced. Where a person is under more than one definite sentence, the sentences shall be calculated as follows: (1) If the sentences run concurrently, the terms merge in and are satisfied by discharge of the term which has the longest term to run . . . The sentence that has the longest term to run is commonly referred to as "the controlling sentence." In the petitioner's case, he received two definite sentences, one to four years confinement, and the other for one year. Both sentences were adjudged on the same day, September 16, 1999. Both sentences were to run concurrent to each other. The question now becomes as to which is the controlling sentence to which the one time credit for the presentence confinement may be applied.
To determine the controlling sentence, one must first apply the pretrial confinement credits earned to each sentence. In this case, in connection with Docket Number CR98-0162703 the petitioner entered pretrial confinement on July 13, 1998 and was sentenced to one year on September 16, 1999. He had a total of 429 days of pretrial confinement credit on that file. Under Docket Number CR96-151168 the petitioner entered pretrial confinement on March 30, 1999 and was sentenced to four years also on September 16, 1999. He had a total of 170 days of pretrial confinement on that file.[2] The 429 days of credit on the one-year sentence would have resulted in an immediate release on September 16, 1999. Applying the 170 days pretrial confinement credit to the four-year sentence would have resulted in a release date of March 29, 2003. The controlling sentence would be the four-year sentence. This is precisely the approach taken by the Respondent as reflected in Respondent's Exhibit A.
This method of calculating the controlling sentence has received approval by judicial authorities. The prime case that deals with this matter is Payton v. Albert, 209 Conn. 23 (1988). In Payton, the Court determined that it was necessary to apply the pretrial credits prior to determining the controlling sentence.[3] Consequently, this court will necessarily have to apply this method of determining the controlling sentence and in so doing finds that the calculations of the Respondent are correct. The proper release date for the petitioner is March 29, 2003 and the petition must be denied.
The petitioner has advanced the argument that he should be entitled to the total amount of time from July 13, 1998 as a period of pretrial confinement for which he should be credited on the four-year sentence. In essence, the petitioner argues that by committing the offence of interference with a police officer, that he violated his probation and CT Page 1905 should have been charged with that violation immediately. He asserts that the state has somehow violated his due process rights by declining to seek an arrest warrant for the violation of probation until after he had been in pretrial confinement for a period of 249 days awaiting trial on the July 1998 charges. Notwithstanding the petitioner's claim, the petitioner has not introduced any testimony demonstrating bad faith on the part of the prosecution or cited any persuasive case law to show that the actions of the state in this case were in any way improper.[4]
This Court certainly recognizes that had the petitioner been placed in pretrial confinement on the violation of probation earlier, that he would have had additional days of jail credit that could be applied to the ultimate sentence. But the fact remains that the petitioner was not in pretrial confinement on the basis of any Violation of Probation. Payton,infra., makes it clear that it is not permissible to transfer jail time credits accrued while in pretrial confinement under one offense to the sentence thereafter imposed upon conviction for another offense. Payton,infra. at 31. "The principle that extra time served on a criminal sentence may not be `banked' is strongly rooted in the public policy that individuals should not be encouraged to commit crimes knowing they have a `line of credit' that can be applied against future sentences. [McGinnisv. United States ex rel. Pollack, 452 F.2d 833, 836 (2d Cir. 1971), cert. denied, 406 U.S. 905, 92 S.Ct. 1606, 31 L.Ed.2d 815 (1972)]; see also Bowen v. Murphy, 693 F.2d 104, 105 (10th Cir. 1982); Miller v. Cox,443 F.2d 1019, 1021-22 (4th Cir. 1971)." Bryant v. Warden, 776 F.2d 394,396 (2d Cir. 1985), cert. denied, 475 U.S. 1323, 106 S.Ct. 1216,89 L.Ed.2d 327 (1986)." Payton, infra. at 34. Moreover, Payton, infra., also makes it patently clear that days of pretrial confinement cannot be counted more than once.
It is true, of course, that had the petitioner elected to proceed to trial on Docket Number CR98-0162703, he may have been acquitted of the charges. Consequently, there would have been no violation of probation. The converse is equally true; he could have been convicted on all counts and received the maximum allowable sentence of eleven years for these crimes and then have the state pursue a violation of probation seeking the maximum sentence of six years, ten months to run consecutively for a total of seventeen years and ten months. Under that scenario, all of the pretrial credit would be used in reducing the ten-year portion of the sentence attributable to the Assault upon a Police Officer violation and the petitioner would have received no credit on the Violation of Probation sentence. There are a myriad of combinations of results lying between these two extremes. The petitioner elected for certainty and decided to enter into an agreement with the state. It is clear that both parties benefited by the agreement. CT Page 1906
The petitioner's counsel has cited two unreported cases on page 32 of her brief that merit comment. First, the petitioner comments that inSykes v. Warden, 2002 Ct. Sup. 1166 (JD of New London, Purtill, JTR), the Court afforded relief to a petitioner even though "the commissioner correctly applied the law to the sentence imposed [because] such sentence was not in accordance with the plea agreement." There, the parties agreed that the petitioner would receive credit for pretrial confinement, even though the statutes did not permit it. There was no evidence in the instant case that there was any agreement between the state and the petitioner for a similar thing here. Petitioner also says that "in Johnsonv. Warden, CV00-44225, New Haven JD (April 9, 2001, DeMayo, JTR), the court granted a petition for habeas corpus for the very same claim the petitioner makes here." This Court has reviewed Judge DeMayo's decision and finds it not applicable to the situation in this case. In theJohnson matter, the petitioner had been arrested on one file, posted bond and subsequently been arrested on four other matters for which he did not post bond. Bond was never raised on the original matter so Johnson technically was not being held on that file. The cases were ultimately resolved with Johnson pleading guilty and receiving five separate sentences that were to run concurrently. It was clear from the remarks of the prosecutor and the defense that it was intended for all of the sentences to expire on the same day. Consequently, given this type of record where the intent of the parties was clear and it was apparent that the issue of the failure to raise the bond on the earliest file had not been raised, Judge DeMayo ordered the Department of Corrections to treat the original file as if the bond had been raised. This, of course is the opposite of the situation that is in this case. Here, the petitioner was held in pretrial confinement for the failure to make bond on the first file as well as the second file. There is no clear expression by the counsel at the trial that the intent was for the petitioner to be released on July 13, 2002.
The burden of establishing the facts upon which relief can be granted is upon the petitioner. The evidence from the petitioner in his case in chief addresses only the question of how the pretrial confinement credits should be addressed. Additional evidence from the state's attorney responsible for the prosecution in GA-12 came out on the respondent's case. Nevertheless, there has not been any evidence by which this Court can conclude that the petitioner's rights to Equal Protection or the Due Process of law has been established. Consequently, the petitioner has failed in his burden of proof in regard to Counts two and three. As regards the petitioner's prayer for relief in count one, there is sufficient evidence by which this Court can render a decision on that count. However, as noted previously, that decision mandates an CT Page 1907 unfavorable response to the petition.
Accordingly, the Petition for a Writ of Habeas Corpus is denied.
S.T. Fuger, Jr., Judge