**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**April 19, 2010**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

MARK KLINGINSMITH,

      Petitioner-Appellant,

v.

HECTOR LEDEZMA,

      Respondent-Appellee.

No. 09-6244

(D.C. No. 09-CV-00433-C)
(W. D. Okla.)

---

**ORDER AND JUDGMENT**[*]

---

Before **TACHA, BRISCOE,** and **O'BRIEN**, Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is, therefore, submitted without oral argument.

Mark Bradley Klinginsmith, a federal prisoner proceeding pro se, appeals the dismissal of his petition for a writ of habeas corpus under 28 U.S.C. § 2241

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

and seeks leave to proceed <u>in forma pauperis</u>.[1]  We affirm the dismissal of his petition, and deny his motion to proceed <u>in forma pauperis</u>.

## I

Klinginsmith's claims concern two expired, federal sentences and one federal sentence that he is currently serving.  In 1986, he was sentenced to 24 months' imprisonment and 3 years of special parole for possession with intent to distribute cocaine in <u>United States v. Klinginsmith</u>, No. 85-CR-10112 (D. Kan. Apr. 25, 1986).  While on parole in 1988, his special parole was revoked, and the United States Parole Commission extended his special parole by 30 months.  His special parole was revoked twice more for parole violations in 1990 and 1991.

In 1993, Klinginsmith was convicted of one count of conspiring to possess with an intent to distribute marijuana and one count of possessing with an intent to distribute marijuana.  <u>See</u> <u>United States v. Klinginsmith</u>, 25 F.3d 1507, 1508 (10th Cir. 1994).  He was subsequently sentenced to 78 months' imprisonment.

In April 2007, Klinginsmith pleaded guilty to conspiracy to distribute and possess with intent to distribute 500 grams or more of cocaine.  He was sentenced to 92 months' imprisonment by the district court for the District of Kansas.  He is currently serving this sentence at the Federal Correctional Institution in El Reno,

---

[1] Because Klinginsmith is a federal prisoner proceeding under § 2241, a certificate of appealability is not a prerequisite to his appeal.  <u>See</u> <u>McIntosh v. United States Parole Comm'n</u>, 115 F.3d 809, 810 n.1 (10th Cir. 1997).

2

Oklahoma.

In April 2009, Klinginsmith filed this § 2241 petition for habeas corpus relief in the Western District of Oklahoma. The magistrate judge recommended that the petition be dismissed without prejudice. The district court adopted the recommendation and dismissed the petition.

**II**

We review de novo the district court's dismissal of a § 2241 petition. Broomes v. Ashcroft, 358 F.3d 1251, 1255 (10th Cir. 2004) abrogated on other grounds by Padilla v. Kentucky, --- U.S. ----, 2010 WL 1222274, No. 08-651 (Mar. 31, 2010). Klinginsmith argues that he is entitled to habeas relief because in 1988 he was unlawfully sentenced by the Parole Commission, causing him to serve excess time in prison on his 1986 sentence and his unrelated 1993 sentence. Additionally, he argues that this excessive time improperly increased his criminal history category in calculating his 2007 sentence. After reviewing the record, we conclude that Klinginsmith's petition was properly dismissed.

"The federal habeas statute gives the United States district courts jurisdiction to entertain petitions for habeas relief only from persons who are in custody . . . ." Maleng v. Cook, 490 U.S. 488, 490 (1989) (per curiam) (quotation omitted); see also 28 U.S.C. § 2241(c). Thus, district courts generally do not have jurisdiction to entertain petitions for habeas relief on fully expired sentences. See Maleng, 490 U.S. at 490–91. Klinginsmith's 1986 and 1993

3

sentences have fully expired. Therefore, "[t]o the extent that [he] raises a claim challenging the execution of his [previous] sentence[s], the district court lacked jurisdiction to hear the claim because he was no longer in custody under th[ose] sentence[s] when he filed for relief in that court." Davis v. Roberts, 425 F.3d 830, 834 (10th Cir. 2005) (prisoner in state custody).

The "in custody" requirement may be satisfied to the extent that an expired sentence has "enhanced" the sentence that he is currently serving. Maleng, 490 U.S. at 493. Construing Klinginsmith's pro se petition liberally, see id. at 493–94, he argues that his current sentence was enhanced by the allegedly improper sentences imposed by the Parole Commission on his 1986 sentence. Specifically, he asserts that the unlawful revocation of his special parole on his 1986 sentence increased his criminal history score in calculating his 1993 sentence, which in turn increased his criminal history score under his 2007 sentence, i.e., enhancing his current sentence.[2] Thus, this claim may satisfy the "in custody" requirement for federal habeas jurisdiction. See id. at 493–94; Davis, 425 F.3d at 833–34.

---

[2] Klinginsmith also requests "all time spent in prison" during his allegedly unlawful 1986 and 1993 sentences "to be credit[ed] to [his] 2007 conviction." Appellant's Br. at 2. However, this is not a claim that his current sentence has been "enhanced" by these fully executed sentences. Moreover, a prisoner cannot credit time served on an invalid sentence to an unrelated, subsequent sentence. See Bowen v. Murphy, 693 F.2d 104, 105 (10th Cir. 1982) (per curiam) (holding that habeas petitioner was "not entitled to credit on the sentence he is now serving for the time he was imprisoned under the [previous] void convictions").

4

Although the "in custody" requirement may have been satisfied, the district court nonetheless properly dismissed this claim. Even if Klinginsmith's current sentence was "enhanced" by his expired sentences, a § 2241 petition is not the appropriate vehicle for this challenge. See Davis, 425 F.3d at 833. "A petition under 28 U.S.C. § 2241 attacks the execution of a sentence rather than its validity and must be filed in the district where the prisoner is confined. A 28 U.S.C. § 2255 petition attacks the legality of detention, and must be filed in the district that imposed the sentence." Haugh v. Booker, 210 F.3d 1147, 1149 (10th Cir. 2000) (quotations and internal citations omitted). Section 2255 provides the "exclusive remedy" for a challenge to the validity of a sentence unless it is "inadequate or ineffective." See Bradshaw v. Story, 86 F.3d 164, 166 (10th Cir. 1996). Klinginsmith has not argued that § 2255 is inadequate or ineffective, and therefore, his § 2241 petition was properly dismissed. See id.

Klinginsmith has also filed a motion to proceed in forma pauperis. Because Klinginsmith has not provided a "reasoned, nonfrivolous argument on the law and facts in support of the issues raised on appeal," his motion is denied. See McIntosh, 115 F.3d at 813 (quotation omitted).

5

Accordingly, we AFFIRM the district court's dismissal of Klinginsmith's petition, DENY his motion to proceed in forma pauperis, and DENY as moot his motion for immediate release.

Entered for the Court


Mary Beck Briscoe
Circuit Judge