**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Manuel VASQUEZ–VASQUEZ,
Defendant-Appellant.**

No. 79–5212.

United States Court of Appeals,
Fifth Circuit.

Jan. 7, 1980.

Herbert E. Cooper, Asst. Federal Public Defender, El Paso, Tex., for defendant-appellant.

LeRoy Morgan Jahn, Asst. U. S. Atty., San Antonio, Tex., for plaintiff-appellee.

Before THORNBERRY, RONEY and TATE, Circuit Judges.

PER CURIAM:

The defendant Vasquez-Vasquez was convicted of four counts of encouraging the entry of illegal aliens into the United States, 8 U.S.C. Section 1324(a)(4), each involving a different alien. The four counts all arose out of a single incident, when a border patrolman, his suspicions aroused by certain conduct, stopped two cars in a park in El Paso near the Mexican-American border.

The defendant's sole contention on appeal is that the stop of the two automobiles was not based on specific articulable facts sufficient to give rise to a reasonable suspicion that the vehicles contained aliens illegally in the country. *United States v. Brignoni-Ponce*, 422 U.S. 899, 95 S.Ct. 2590, 45 L.Ed.2d 630 (1975). Therefore, the defendant-appellant urges, the district court erred in denying his motion to suppress the evidence seized as a result of this stop, this evidence being the admissions of the four aliens upon initial interrogation that they were illegally in the United States. *United States v. George*, 567 F.2d 643 (5th Cir. 1978).

Only one of the aliens was in the automobile driven by the defendant. The other three aliens were in a car driven and owned by Campos, one of the aliens. The government correctly urges that, as to this latter vehicle's stop, under *Rakas v. Illinois*, 439 U.S. 128, 99 S.Ct. 421, 58 L.Ed.2d 387 (1978), no Fourth Amendment rights of the defendant were infringed, since he was not aggrieved by the search of an automobile in which he had no proprietary or possessory interest. Accordingly, the convictions for encouraging the illegal entry of the three aliens in that latter vehicle (Counts 2, 3, and 4) must be affirmed, since no other error is claimed or shown in their regard.

The troublesome issue of the illegal stop raised in connection with Count 1 (concerning the alien in defendant's vehicle) need not be reached in view of the concurrent sentence doctrine. The defendant's sentence of three years on this count is concurrent with the three years imposed on Count 2, which conviction we have above affirmed.[1] Therefore, under the concurrent sentence doctrine it is unnecessary to review alleged errors concerning a conviction for which the defendant has received a sentence concurrent with that of an affirmed conviction, cf. *Benton v. Maryland*, 395 U.S. 784, 89 S.Ct. 2056, 23 L.Ed.2d 707 (1969), at least where (as here[2]) there is no substantial likelihood that the unreviewed conviction will adversely affect the defendant's

---

1. On Counts 3 and 4 the imposition of sentence was suspended, and the defendant was placed on supervised probation for five years, with probation to begin at the termination of the sentences imposed on Counts 1 and 2.

2. The United States Parole Commission guidelines are used by the Commission to determine how long a prisoner serves before being released on parole. 18 U.S.C. Section 4206 (1976); 28 C.F.R. Section 2.20 (1979). See *United States v. Rubin, supra*. Under these guidelines, the "offense severity rating" is based on the actual circumstances that are reliably established. United States Parole Commission Research Unit, *Guideline Application Manual*, at 4.08 (Nov. 1977 No. 16) (Adopted by the Commission as Appendix 4, U.S. Parole Commission Procedure Manual, May 1, 1978). Consequently, a reversed conviction is accorded the same weight as an affirmed conviction when the reversal is based on grounds unrelated to guilt or innocence. See *United States v. Rubin, supra*. Since "the Parole Commission looks to the 'actual offense behavior,' " *United States v. Rubin*, 591 F.2d at 281, a reversal based on the improper denial of a motion to suppress reliable evidence should have no impact on a defendant's chances for parole.

parole, *United States v. Rubin*, 591 F.2d 278 (5th Cir. 1979).

Accordingly, the judgment is AFFIRMED.