United States Court of Appeals
Fifth Circuit

**F I L E D**

**August 2, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 03-41145

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

KERRY LERON BASS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Texas
(No. V-94-1)

_____

Before JOLLY, WIENER, and PICKERING, Circuit Judges.

PER CURIAM:[*]

In his latest appeal, Defendant-Appellant Kerry L. Bass argues that he is entitled to a new sentencing hearing and recalculation of the applicable offense level after our decision in United States v. Bass, 310 F.3d 321 (5th Cir. 2002) (WIENER, J.) ("Bass I"). We vacate his sentence and remand for resentencing.

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

## I. FACTS & PROCEEDINGS

Our prior opinion in Bass I describes in detail the background facts,[1] so we repeat here only that which is germane to this appeal. In 1994, Bass was charged with 15 federal narcotics and tax violations, including one count of participation in a continuing criminal enterprise ("CCE"). After he was convicted on all counts, the district court sentenced Bass to ten 360-month terms of imprisonment, followed by five years of supervised release; one 120-month term of imprisonment, followed by three years of supervised release; four 12-month terms of imprisonment, followed by one year of supervised release; and a $650 mandatory assessment. All prison terms were to be served concurrently. For the CCE charge, Bass's punishment included one 360-month term of imprisonment to be followed by five years of supervised release and a $50 assessment.

After we affirmed Bass's conviction and sentence on direct appeal,[2] Bass filed a pro se 28 U.S.C. § 2255 habeas corpus petition to vacate, set aside, or correct his sentence. That petition eventually became the subject of Bass I. There, we concluded that the evidence was insufficient to support Bass's CCE conviction, and because his counsel's failure to raise the issue on direct appeal was prejudicial, we vacated his CCE conviction. We

---

[1] 310 F.3d at 323-25.

[2] See United States v. Alix, 86 F.3d 429 (5th Cir. 1996).

2

said, however, that the CCE conviction prejudiced Bass only insofar as it increased his mandatory assessment by $50. As Bass was serving all of his sentences concurrently, we remarked that our vacature of his CCE conviction would not reduce his total time of incarceration.[3]

Following remand, Bass filed a motion for an evidentiary hearing and appointment of counsel. He requested a new sentencing hearing and recalculation of the applicable offense level because his total sentence was based on the offense level for the CCE conviction, his most serious charge. The district court vacated Bass's CCE conviction and corresponding $50 assessment, but refused to hold a new sentencing hearing. To challenge this decision, Bass lodged this pro se appeal.[4]

## II. ANALYSIS

Bass contends that the district court erred in denying his post-remand motion for a new sentencing hearing.[5] He argues that our decision in Bass I permitted, but did not require, the district

---

[3] Bass I, 310 F.3d at 330.

[4] On June 24, 2004, the Supreme Court rendered its decision in Blakely v. Washington, 542 U.S. ---, 124 S. Ct. 2531 (June 24, 2004), which raised the specter that the federal sentencing guidelines may be unconstitutional. Our circuit, however, has held that Blakely does not invalidate the federal guidelines. See United States v. Pineiro, No. 03-30437, --- F.3d ----, 2004 WL 1543170 (5th Cir. July 12, 2004). Thus, for now, we do not consider whether Blakely might have an effect on the issues presented in this appeal.

[5] Bass has also raised other issues on appeal, but as they are wholly without merit, we do not address them here.

court to impose the same prison sentence.  The government responds that our mandate in <u>Bass I</u> prohibited the district court from resentencing Bass.  Although the district court reasonably interpreted our mandate, we conclude that a new sentencing hearing is warranted because our earlier vacature of Bass's CCE conviction "unbundled" his sentencing package.[6]

## A.    Standard of Review

The interpretation of the scope of our remand order in <u>Bass I</u> and whether the mandate rule foreclosed the district court's exercise of discretion on remand present questions of law that we review <u>de</u> <u>novo</u>.[7]

## B.    <u>Bass I</u> Unbundled Bass's Sentencing Package

In denying Bass's request for a new sentencing hearing, the district court dutifully followed our instruction "to reduce his total assessment to $600 for the remaining 14 counts for which Bass's convictions stand."[8]  Given our express statement in <u>Bass I</u> that "Bass's total time of incarceration will not be shortened as a result of our decision today to vacate his CCE conviction,"[9] the district court understandably concluded that it was without authority to reconsider any other aspect of Bass's punishment.

---

[6] <u>See</u> <u>infra</u> note 15 and accompanying text.

[7] <u>See</u> <u>United States v. Phipps</u>, 368 F.3d 505, 510 (5th Cir. 2004).

[8] 310 F.3d at 330.

[9] <u>Id.</u>

4

Nevertheless, Bass is correct that, in calculating the applicable guideline range, the probation officer had grouped all 15 counts and applied the offense level for the most serious count, which was the CCE charge. Pursuant to U.S.S.G. § 2D1.5 (the CCE guideline), four levels were added to the offense level governing the underlying drug offenses under U.S.S.G. § 2D1.1, resulting in a total offense level of 42. This score, combined with Bass's criminal history category of I, resulted in a guideline sentencing range of 360 months to life imprisonment. In light of our vacature of the CCE conviction, though, § 2D1.5 was no longer applicable. Thus, Bass's total offense level under § 2D1.1 would only have been a 38 which, when combined with his criminal history category, would have yielded a guideline sentencing range of 235 to 293 months' imprisonment.[10] We failed to recognize this in rendering our decision in Bass I.

The mandate rule requires a lower court to "implement both the letter and the spirit of the appellate court's mandate and ... not disregard the explicit directives of that court."[11] We cannot fault the district court for its post-remand ruling, but the mandate rule is a corollary to the law of the case doctrine and is therefore not

[10] See U.S.S.G., Chap. 5, Sentencing Table.

[11] United States v. Lee, 358 F.3d 315, 321 (5th Cir. 2004) (quoting United States v. Matthews, 312 F.3d 652, 657 (5th Cir. 2002)).

5

"inviolate."[12]  If our ruling from a prior appeal in the same case

is "clearly erroneous and would work a manifest injustice," the

district court on remand may exceed our mandate.[13]

The punishment imposed by the district court was part of an

integrated "sentencing package,"[14] a consideration overlooked in

Bass I:

> When a defendant is convicted of more than one count of
> a multicount indictment, the district court is likely to
> fashion a sentencing package in which sentences on
> individual counts are interdependent. When, on appeal,
> one or more counts of a multicount conviction are
> reversed and one or more counts are affirmed, the result
> is an "unbundled" sentencing package. Because the
> sentences are interdependent, the reversal of convictions
> underlying some, but not all, of the sentences renders
> the sentencing package ineffective in carrying out the
> district court's sentencing intent as to any one of the
> sentences on the affirmed convictions.[15]

We, therefore, "said too much" in our Bass I opinion about the net

effect of our vacature of Bass's CCE conviction on his sentence.

---

[12] See id. at 320.

[13] Matthews, 312 F.3d at 657.

[14] United States v. Campbell, 106 F.3d 64, 68 (5th Cir. 1997). See U.S.S.G. § 5G1.2 (directing the court to sentence multiple counts of conviction as a single interdependent package, and to use consecutive as well as concurrent sentencing to construct a combined sentence equal to the total punishment).

[15] United States v. Shue, 825 F.2d 1111, 1114 (7th Cir. 1987).  Although our circuit has not expressly used the term "unbundled," it is a metaphor widely used among the circuit courts. See, e.g.,  United States v. Smith, 115 F.3d 241, 245 n.4 (4th Cir. 1997); United States v. Evans, 314 F.3d 329, 332 (8th Cir. 2002); United States v. Ruiz-Alvarez, 211 F.3d 1181, 1184 (9th Cir. 2000); United States v. Hicks, 146 F.3d 1198, 1202 (10th Cir. 1998); United States v. Watkins, 147 F.3d 1294, 1297 (11th Cir. 1998).

Our failure to acknowledge this principle was error, and because our vacature of Bass's CCE conviction <u>could</u> result in a reduced total sentence for Bass, it would be unjust for Bass not to be resentenced.  At resentencing, the district court may consider <u>de</u> <u>novo</u> any sentencing-related issues that arise out of our vacature of Bass's CCE conviction.[16]  For example, the court may consider whether a "role in the offense" adjustment is warranted under U.S.S.G. § 3B1.1.[17]

### III.  CONCLUSION

As our decision in <u>Bass I</u> unbundled Bass's original sentencing package, we vacate Bass's sentence and remand for a new sentencing hearing and other proceedings consistent with this opinion.[18]

VACATED and REMANDED.

---

[16] <u>See</u> <u>Lee</u>, 358 F.3d at 323.

[17] <u>See</u>, <u>e.g.</u>, <u>Ruiz-Alvarez</u>, 211 F.3d at 1183.

[18] Whether appointment of counsel and an evidentiary hearing are necessary in light of our ruling today is a question we leave to the district court's sound discretion.