[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 11-14780
Non-Argument Calendar
_____

D.C. Docket No. 1:93-cr-00252-UU-3

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

KEVIN DENARD ROZIER,
a.k.a. Bo,
a.k.a. Cowboy,
a.k.a. Slick,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(July 27, 2012)

Before DUBINA, Chief Judge, BARKETT and HULL, Circuit Judges.

PER CURIAM:

Appellant Kevin Denard Rozier appeals his total sentence of 50 years' imprisonment, imposed by the district court following his successful 28 U.S.C. § 2241 petition, for two counts of knowingly and intentionally distributing cocaine, in violation of 21 U.S.C. § 841(a)(1) ("Counts 5 and 6"), and one count of possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1) ("Count 20").  Prior to his resentencing, Rozier was sentenced to 20 years' imprisonment on Counts 5 and 6, set to run concurrently, and to life imprisonment on Count 20, also set to run concurrently.  Following Rozier's successful § 2241 petition challenging only his sentence on Count 20, the district court vacated the original judgment and resentenced him to 20 years' imprisonment on Counts 5 and 6, set to run consecutively, and to a consecutive 10 year sentence of imprisonment on Count 20, which was the statutory maximum.

Rozier presents three arguments on appeal.  First, he asserts that once the Sentencing Guidelines became advisory after the Supreme Court's decision in *United States v. Booker*, 543 U.S. 220, 125 S. Ct. 738, 160 L. Ed. 2d 621 (2005), our opinion in *United States v. Rosen*, 764 F.2d 763, 766 (11th Cir. 1985), should be read to dictate that the district court does not have jurisdiction to resentence a

2

defendant on counts of conviction that he does not challenge in a § 2241 petition. Second, he argues that the district court violated his due process and double jeopardy rights by resentencing him on the unchallenged counts of conviction. Third, he argues that the district court violated the Double Jeopardy Clause by resentencing him to a consecutive 10-year term of imprisonment on Count 20, because his new sentence stripped him of time he had already served in completing his sentence on Count 20.

For the reasons that follow, we affirm.

## I.

We review questions concerning the jurisdiction of the district court *de novo*. *United States v. Phillips*, 597 F.3d 1190, 1194 n.9 (11th Cir. 2010). Under the law-of-the-case doctrine, the parties may not relitigate, and we may not reconsider, issues that were decided in an earlier appeal of the same case. *See United States v. Jordan*, 429 F.3d 1032, 1035 (11th Cir. 2005). Thus, "[a]n appellate decision binds all subsequent proceedings in the same case not only as to explicit rulings, but also as to issues decided necessarily by implication on the prior appeal." *United States v. Tamayo*, 80 F.3d 1514, 1520 (11th Cir. 1996). The law-of-the-case doctrine may be overcome, however, when substantially different evidence is produced, controlling authority has changed, or the prior decision was

3

clearly erroneous and application of it would result in manifest injustice. *Id.*

In *Rosen*, a pre-Sentencing Guidelines case, we held that multiple-count convictions presented the trial judge with the need for a sentencing scheme that took into consideration "the total offense characteristics of a defendant's behavior." *Rosen*, 764 F.2d at 767. When that scheme was disrupted because it incorporated an illegal sentence, it was appropriate for the entire case to be remanded for resentencing. *Id.* We limited our holding, however, to situations where a defendant challenged all of his convictions on direct appeal. *Id.* We held that there was a difference between a collateral attack on a particular sentence under Fed.R.Crim.P. 35 or 28 U.S.C. § 2255, and a direct appeal from multiple count convictions. *Id.* at 766–67. With a collateral attack, we held that, because only a specific sentence on a specific count was before the district court, the court had power only over the specific count. *Id.* at 766.

Subsequently, after the Sentencing Guidelines went into effect, we decided *United States v. Mixon*, 115 F.3d 900 (11th Cir. 1997), which addressed successful collateral challenges to 18 U.S.C. § 924(c) convictions under *Bailey v. United States*, 516 U.S. 137, 142-43, 116 S. Ct. 501, 505, 133 L. Ed. 2d 472 (1995), and decided that the district court may resentence defendants on related but unchallenged drug count convictions. *Mixon*, 115 F.3d at 902. We noted that, at

4

the time of sentencing, the district court could not impose the mandatory sentence for the § 924(c) violation and apply a two-level enhancement under U.S.S.G. § 2D1.1(b)(1) for possession of firearms during the offense. *Id.* Thus, the relationship between § 924(c) and § 2D1.1(b)(1) was an "either/or relationship" at sentencing. *Id.* We concluded that the Guidelines contemplated the interdependence of a § 924(c) conviction and underlying drug offenses and held that, based on the interdependence of the multiple counts for sentencing purposes, the district court could properly adjust the defendants' sentences on the unchallenged counts. *Id.* at 903.

In *United States v. Oliver*, 148 F.3d 1274 (11th Cir. 1998), the appellants argued that their § 924(c) convictions were invalid in light of *Bailey*, and we held that their arguments were foreclosed by *Mixon*. *Oliver*, 148 F.3d at 1275. We further noted that our decision in *Rosen* was not in opposition to our holding in *Mixon*, because *Rosen* was a pre-Guidelines case, and the language cited by the defendants was *dicta*. *Id.* We reasoned that because *Rosen* was a pre-Guidelines case, it could not have considered the unique relationship between 18 U.S.C. § 924(c) and U.S.S.G. § 2D1.1(b)(1). *Id.*

Similarly, in *United States v. Watkins*, 147 F.3d 1294 (11th Cir. 1998), we faced the same question as in *Mixon* and *Oliver*, but with a twist. *See Watkins*,

5

147 F.3d at 1296. The defendant in *Watkins* was an armed career criminal, which meant that U.S.S.G. § 2D1.1(b)(1) could not apply to enhance his offense level. *Id.* Accordingly, we had to decide whether the availability of the § 2D1.1(b)(1) enhancement was an integral component of the district court's jurisdiction to resentence on unchallenged counts following a § 2255 proceeding that vacated a § 924(c) conviction. *Id.* at 1296-97. The defendant relied on *Rosen* and argued that the district court did not have jurisdiction to resentence him on Counts I and II, because only Count III was the subject of his habeas petition. We noted that *Rosen* was decided before the Guidelines went info effect and did not contemplate the interdependence of a § 924(c) conviction and the underlying offense. Accordingly, *Rosen* was distinguishable. *See id.* We further noted that the district court viewed the defendant's sentence as a "package," and we held that the "interdependence of the drug and firearms offenses and the sentencing package doctrine provided the district court with the jurisdiction to resentence [the defendant] following his successful collateral attack on the § 924(c) offense." *Id.* at 1297. Thus, the availability of the U.S.S.G. § 2D1.1(b)(1) enhancement was not necessary to the court's jurisdiction to resentence on unchallenged counts. *Id.*

Post-*Booker*, we have repeatedly held that district courts are still required to correctly calculate the advisory guideline range before imposing a sentence. *See,*

6

*e.g.*, *United States v. Livesay*, 525 F.3d 1081, 1089 (11th Cir. 2008).  Moreover, we have adopted a "holistic approach" to resentencing, "treating a criminal sentence as a package of sanctions that *may* be fully revisited upon resentencing." *United States v. Martinez*, 606 F.3d 1303, 1304 (11th Cir. 2010) (internal quotation marks omitted).

The Supreme Court has held that appellate courts may continue to use the "sentencing package" approach.  *See Greenlaw v. United States*, 554 U.S. 237, 253, 128 S. Ct. 2559, 2569, 171 L. Ed. 2d 399 (2008).  It noted that such "sentencing package cases" typically involve multi-count indictments and "a successful attack by a defendant on some but not all of the counts of conviction." *Id.*  The appeals court, in such instances, "may vacate the entire sentence on all counts so that, on remand, the trial court can reconfigure the sentencing plan to assure that it remains adequate to satisfy the sentencing factors in 18 U.S.C. § 3553(a)." *Id.*  The Supreme Court further recognized the possibility that, upon remand, trial courts may impose sentences on the remaining counts that were longer than the sentences originally imposed on those counts, but yielding an aggregate sentence that was no longer than the original aggregate sentence.  *Id.* at 253, 128 S. Ct. 2569-70.  Thus, although the defendant ultimately may gain nothing from his limited success on appeal, he also loses nothing.  *Id.* at 254, 128

7

S. Ct. at 2570.

*Mixon*, *Oliver*, and *Watkins* are all good law, because although the Sentencing Guidelines are now advisory under *Booker*, district courts must still consider the Guidelines and correctly calculate the advisory guideline range before imposing a sentence. *Livesay*, 525 F.3d at 1089. Therefore, when imposing sentences for multi-count convictions, district courts must necessarily consider the interdependence of various crimes under the Guidelines. As such, the advisory nature of the Guidelines does not change our holding that a district court has jurisdiction to resentence a defendant on unchallenged counts of conviction, following a successful collateral attack, when the unchallenged and challenged counts are "interdependent" for sentencing purposes under the Guidelines. *See, e.g.*, *Mixon*, 115 F.3d at 903. The Supreme Court's approval of sentencing packages further supports our position. *See Greenlaw*, 554 U.S. at 253, 128 S. Ct. at 2569.

Accordingly, here, the district court had jurisdiction to resentence Rozier on Counts 5 and 6 as long as they were interdependent with Count 20. We previously held, in a 2002 decision affirming Rozier's prior total sentence, that the drug and firearms offenses in his case were interdependent, because Count 20 involved conduct that was treated as a specific offense characteristic in the guidelines

8

applicable to Counts 5 and 6, and because the three counts were grouped together. Because we already decided the interdependence question in an earlier appeal, we may not reconsider it, pursuant to the law-of-the-case doctrine, and Rozier has not identified any reasons why the doctrine should be overcome. *Jordan*, 429 F.3d at 1035.

Thus, because Counts 5, 6, and 20 were interdependent for sentencing purposes under the Guidelines, we conclude that the district court had jurisdiction to resentence Rozier on Counts 5 and 6, even though he did not challenge those counts in his § 2241 petition.

## II.

Whether a district court's resentencing violated a defendant's due process and double jeopardy rights involve questions of law that we review *de novo*. *Watkins*, 147 F.3d at 1296.

"A defendant's due process rights may be violated when a sentence is enhanced after the defendant has served so much of his sentence that his expectations as to finality have crystallized and it would be fundamentally unfair to defeat them." *United States v. Davis*, 329 F.3d 1250, 1255 (11th Cir. 2003) (internal quotation marks omitted). In addition, due process is implicated if, "after the vacatur of a defendant's sentences, the district court imposes a harsher

9

punishment." *United States v. Stinson*, 97 F.3d 466, 470 (11th Cir. 1996) (internal quotation marks omitted).

As for the Double Jeopardy Clause, it protects against, *inter alia*, multiple punishments for the same offense. *United States v. Cochran*, 883 F.2d 1012, 1016 (11th Cir. 1989), *superseded by rule on other grounds as stated in United States v. Diaz-Clark*, 292 F.3d 1310, 1318 (11th Cir. 2002). Thus, the clause may be violated when a defendant's original sentence is increased in a second proceeding. *Id.* In such a circumstance, "the double jeopardy inquiry turns on the extent and legitimacy of a defendant's expectation of finality in the original sentence." *Id.* (quoting *United States v. DiFrancesco*, 449 U.S. 117, 139, 101 S. Ct. 426, 438, 66 L. Ed. 2d 328 (1980)).

In *Mixon*, we noted that, while it was clear that the "Due Process Clause would be implicated if the district court had imposed harsher sentences, that [was] not the case . . . where the district court substantially reduced" the defendant's total sentence. *Mixon*, 115 F.3d at 904. We also held that resentencing the defendant on unchallenged counts did not violate the Double Jeopardy Clause, because the defendant did not have an expectation of finality with regard to his sentence when his overall sentence was reduced. *Id.* at 903-04.

Likewise, in *Watkins*, we held that the district court did not violate the

10

defendant's due process rights when it increased his sentences on unchallenged

counts. *Watkins*, 147 F.3d at 1298.  Because the defendant's aggregate sentence

was not increased, the defendant was put in the same position as if the vacated

count was never included in the indictment.  The defendant also had no

expectation of finality in his sentence because he challenged a conviction that was

closely linked with his unchallenged drug offenses, and because he had not

completed his term of imprisonment.  *Id.*  Moreover, we held that the defendant's

resentencing did not violate the Double Jeopardy Clause, because the defendant

had no expectation of finality in his original sentence on his unchallenged count,

when that sentence was interdependent on the challenged sentence.  *Id.*

at 1297-98.  When "a prisoner collaterally attacks a portion of a judgment, he is

reopening the entire judgment and cannot selectively craft the entire manner in

which the court corrects that judgment."  *Id.* at 1298 (internal quotation marks

omitted).

We conclude from the record here that Rozier's due process rights were not

violated because he did not have an expectation of finality as to his sentences,

such that the district court's enhancement of his sentences was fundamentally

unfair.  *Davis*, 329 F.3d at 1255.  Moreover, the district court did not impose a

harsher sentence.  *Stinson*, 97 F.3d at 470. Although the district court ordered his

sentences on Counts 5 and 6 consecutive, it reduced his total sentence from life imprisonment to 50 years' imprisonment. *See Watkins*, 147 F.3d at 1298. In addition, his unchallenged sentences were interdependent with his challenged sentence, and because his original total sentence was life imprisonment, he could not have had any expectations of finality when he had served about 20 years of that total sentence. *Id.*

For similar reasons, we conclude that Rozier's double jeopardy rights were not violated. Specifically, he had no expectations of finality in his original sentences on Counts 5 and 6, when those sentences were interdependent on the sentence for Count 20. *Id.* at 1297-98. In other words, he did not have any expectations of finality regarding his individual sentences on each count of conviction, when his sentences were originally created to form a sentencing package of life imprisonment.

## III.

We review arguments raised for the first time on appeal for plain error. *United States v. Belfast*, 611 F.3d 783, 815 (11th Cir. 2010). To establish plain error, the defendant must show that there was (1) error, (2) that was plain, and (3) that affected his substantial rights. "[W]e may reverse only if the error also seriously affected the fairness, integrity, or public reputation of judicial

12

proceedings." *Id.* (internal quotation marks omitted).

As previously noted, the Double Jeopardy Clause may be violated when a defendant's original sentence is increased in a second proceeding. *Cochran*, 883 F.2d at 1016. In such a circumstance, the double jeopardy inquiry "turns on the extent and legitimacy of a defendant's expectation of finality in the original sentence." *Id.* (internal quotation marks omitted). Any expectation of finality in a sentence, however, "is wholly absent where . . . the defendant requests that his prior sentences be nullified." *Id.* at 1017. "The defendant has, by his own hand, defeated his expectation of finality, and the Double Jeopardy Clause, which guards against Government oppression, does not relieve a defendant from the consequences of his voluntary choice." *Id*. (internal quotation marks omitted).

For purposes of the Double Jeopardy Clause, resentencing does not create multiple punishments for the same offense since the prior punishment is void, provided that the defendant receives credit for time served. *Id.* When a conviction is set aside, and a prisoner is subsequently retried and convicted of the same offense, "it is well-established that under the Double Jeopardy Clause, the time served under the invalid conviction must be credited toward the new sentence." *Henley v. Johnson*, 885 F.2d 790, 793 (11th Cir. 1989). The same applies when a prisoner is resentenced following a successful post-conviction challenge to his

13

original sentence. *See Jones v. Thomas*, 491 U.S. 376, 378, 382, 109 S. Ct. 2522, 2524, 2526, 105 L. Ed. 2d 322 (1989).

As an initial matter, Rozier raises this argument for the first time on appeal, and thus, we review for plain error only. *Belfast*, 611 F.3d at 815. Here, we conclude from the record that the district court did not plainly err by resentencing Rozier to a consecutive 10-year sentence on Count 20. When he appealed his original sentence on Count 20, he voluntarily requested that the sentence be nullified, thereby removing any expectation of finality in his sentence and defeating any subsequent Double Jeopardy claim. *Stinson*, 97 F.3d at 469; *Cochran*, 883 F.2d at 1017. Moreover, as discussed above, he did not have an expectation of finality in his original sentence when his counts of conviction were interdependent, and he had not completed his aggregate sentence. *See Watkins*, 147 F.3d at 1298. In addition, even though Rozier is correct in that time already served under an old sentence must be credited against a new sentence, under a "sentencing package" approach, any time served would be credited against the new total sentence, not the individual sentences on each count of conviction. *Henley*, 885 F.2d at 793. Therefore, because the district court imposed a "sentencing package" in this case, any time Rozier already served would go against his total sentence, not his individual sentence on Count 20. Thus, no

14

double jeopardy violation has occurred, because he has not received multiple punishments for the same offense.

For the aforementioned reasons, we affirm Rozier's total sentence.

**AFFIRMED.**