**John David WILLITS,**

v.

**UNITED STATES of America.**

**Case No. 2:15–cv–785–FTM–33CM**
**2:04–cr–100–FTM–33CM**

United States District Court,
M.D. Florida,
Ft. Myers Division.

Signed April 26, 2016

Conrad Kahn, Counsel of Record, Federal Public Defender's Office, Orlando, FL, for John David Willits.

Jeffrey Michelland, U.S. Attorney's Office, Ft. Myers, FL, for United States of America.

## *ORDER*

### VIRGINIA M. HERNANDEZ COVINGTON, UNITED STATES DISTRICT JUDGE

This cause is before the Court on John David Willits' 28 U.S.C. § 2255 motion to vacate, set aside or correct an allegedly illegal sentence (hereinafter "motion" or "motion to vacate"). (Doc. cv–1; cr–67). The Magistrate Judge appointed the Federal Public Defender's Office to represent Willits in this matter. (Doc. cr–60).

Willits seeks to have this Court resentence him based on *Johnson v. U.S.,* —— U.S. ——, 135 S.Ct. 2551, 192 L.Ed.2d 569 (2015) (The Armed Career Criminal Act's residual clause is unconstitutional).

### PROCEDURAL HISTORY

Willits entered a plea of guilty, without a plea agreement, to a two-count indictment charging him with possession with intent to distribute five grams or more of methamphetamine, in violation of 21 U.S.C. § 841(a)(1) and 841(b)(1)(B)(vii) (Count One); and possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1) and 924(e). (Doc. cr–1). In anticipation of Willits' sentencing, the United States Probation Office (Probation) prepared a Presentence Report (PSR) that calculated Willits' guideline range. Probation grouped both counts of conviction under United States Sentencing Guideline (USSG) § 3D1.2(c) and calculated one guideline range for both offenses. The offenses were grouped because the conduct embodied by the firearm count is

treated as a specific offense characteristic in the drug guideline. (PSR ¶ 16; USSG § 3D1.2(c)).

Probation recommended that Willits' offense level and criminal history category be enhanced under the ACCA guideline USSG § 4B1.4, because Willits had three prior convictions that qualified as "violent felonies." (*See* PSR at ¶ 28; 18 U.S.C. § 924(e)(2)(B).) With the enhancement, Willits' total offense level was 31; his criminal history category was VI; and his guideline range was 188 to 235 months incarceration. (PSR ¶ 99). The Court adopted Probation's calculation and imposed a mid-range sentence of 200 months incarceration on each count, to run concurrently. (Doc. cr–41 at 95; cr–49 at 84).

The Eleventh Circuit affirmed Willits' conviction and sentence, and subsequently denied Willits' motion for rehearing *en banc* on June 5, 2006. (Doc. cr–55). The United States Supreme Court denied Willits' petition for writ of certiorari on October 16, 2006.

Willits filed his first motion to vacate on December 15, 2015, raising one ground for relief: "The Court lacked jurisdiction to impose Mr. Willits' 200–month sentence on ground 2. It exceeds the statutory maximum for that offense, in violation of the laws and Constitution of the United States." In support, Willits alleges:

> The Court sentenced John David Willits' to 200 months' imprisonment after finding that his 4 prior felonies for burglary, in violation of Florida Statutes § 813.09, qualified as violent felonies under the ACCA's residual clause.
> Because the Supreme Court has now held that the ACCA residual clause is unconstitutionally vague, and Mr. Willits' convictions for burglary and armed

trespassing no longer qualify as violent felonies under the ACCA, his current 200–month sentence on count 2 exceeds the 120–month statutory maximum for that count.

(Doc. cv–1 at 5).

## DISCUSSION

The parties agree that Willits' § 2255 motion is timely because it was filed within one-year of the date that *Johnson v. U.S.*, —— U.S. ——, 135 S.Ct. 2551, 192 L.Ed.2d 569 (2015)[1] was decided. The parties also agree that Willits' issue is cognizable and that Willits' sentence was erroneously enhanced under the ACCA. The only remaining issue is whether the Court should resentence Willits on both counts of conviction under the sentencing package doctrine or decline to resentence Willits under the concurrent sentence doctrine.

### The Sentencing Package Doctrine

When a defendant is convicted on a multi-count indictment, sentencing courts typically craft a disposition on the various counts to accomplish an overall sentencing plan. *U.S. v. Fowler*, 749 F.3d 1010, 1015 (11th Cir.2014) (This "common judicial practice" is "grounded in the basic notion of how sentencing decisions are made in cases involving multiple counts of conviction."). This is known as the "sentencing package." *Id.* at 1014. Willits contends that he should be resentenced under the sentencing package doctrine.

This Circuit's precedent permits the Court to resentence Willits on both counts of conviction. *Id.* at 1016–17 ("[W]here one or more counts of conviction are set aside in a § 2255 proceeding, the district court has the authority to resentence the

---

1. *See Welch v. U.S.*, —— U.S. ——, 136 S.Ct. 1257, 194 L.Ed.2d 387 (2016) (*Johnson* is retroactive on collateral review.).

defendant on the remaining counts of conviction ....").

■ The application of this doctrine depends on whether the sentencing court viewed the original sentence as a "package." *Id.* at 1017. If so, the "counts of conviction and the component sentences resulting from them are *interdependent*," and the District Court may revisit them after one of the component sentences is set aside. *U.S. v. Fowler*, 749 F.3d at 1017 (quoting *U.S. v. Watkins*, 147 F.3d 1294, 1297 (11th Cir.1998)) (emphasis added). In other words, when the sentence package becomes unbundled, "the district court has the authority to 'recalculate and reconsider'" the defendant's sentence. *Id.* (quoting *Watkins*, 147 F.3d at 1297)); *see U.S. v. Davis*, 112 F.3d 118, 122 (3d Cir. 1997) (citing *Merritt v. U.S.*, 930 F.Supp. 1109, 1113–14 (E.D.N.C.1996) and quoting *U.S. v. Pimienta–Renondo*, 874 F.2d 9, 14 (1st Cir.)

> when a defendant is found guilty on a multicount indictment, there is a strong likelihood that the district court will craft a disposition in which the sentences on the various counts form part of an overall plan. When a conviction on one or more of the component counts is vacated, common sense dictates that the judge should be free to review the efficacy of what remains in light of the original plan, and to reconstruct the sentencing architecture upon remand, within the applicable constitutional and statutory limits, if that appears necessary in order to ensure that the punishment still fits both crime and criminal.

*cert. denied*, 493 U.S. 890, 110 S.Ct. 233, 107 L.Ed.2d 185 (1989)).

■ Counts grouped together pursuant to the sentencing guidelines are interdependent. *U.S. v. Rozier*, 485 Fed.Appx. 352, 356 (11th Cir.2012) (holding that counts were interdependent where they were grouped together); *U.S. v. Miller*, 594 F.3d 172, 181–82 (3d Cir.2010) ("[C]ounts that were grouped pursuant to the Sentencing Guidelines at the original sentencing are interdependent...."); *U.S. v. Bass*, 104 Fed.Appx. 997, 999–1000 (5th Cir.2004) (applying the sentencing package doctrine where counts were grouped under the sentencing guidelines); *see also Fowler*, 749 F.3d at 1014–15 ("The notion is that, especially in the guidelines era, sentencing on multiple counts is an inherently interrelated, interconnected, and holistic process which requires a court to craft an overall sentence ...."). This makes sense as counts that are grouped together are, in essence, "treated as constituting a single offense for purposes of the guidelines." (4 USSG Ch. 3, Pt. D, intro. comment). Since Willits' two counts of conviction were grouped under the Guidelines, his sentences on both counts are interdependent. (PSR ¶ 16). *See also* discussion above.)

The Eleventh Circuit addressed circumstances similar to those presented by this case in *Rozier*. The petitioner there successfully challenged his ACCA sentence in a 28 U.S.C. § 2241 proceeding. *Rozier*, 485 Fed.Appx. at 354. After vacating the sentence, the district court resentenced Rozier on two unchallenged drug counts. *Id.* He appealed, arguing that the district court did not have jurisdiction to resentence him on the counts not challenged in the § 2241 petition. *Id.* The Eleventh Circuit disagreed and affirmed the resentencing based on the sentencing package doctrine. *Id.* at 355–57 (citing *Greenlaw v. U.S.*, 554 U.S. 237, 253, 128 S.Ct. 2559, 171 L.Ed.2d 399 (2008); *Watkins*, 147 F.3d 1294, and *U.S. v. Mixon*, 115 F.3d 900 (11th Cir.1997)). Pursuant to *Rozier* and *Fowler*, when an ACCA sentence is vacated, the District Court may resentence an individual on interdependent drug counts. The Eleventh Circuit has expressly held that the district courts may use the sentencing package doctrine after vacating a

sentence in a § 2255 proceeding. *See Fowler*, 749 F.3d at 1016–17; *Rozier*, 485 Fed.Appx. at 355–57.[2]

### The Concurrent Sentence Doctrine

■ "The concurrent sentence doctrine provides that, if a defendant is given concurrent sentences on several counts and the conviction on one count is found to be valid, an appellate court need not consider the validity of the convictions on the other counts." *U.S. v. Fuentes–Jimenez*, 750 F.2d 1495, 1497 (11th Cir.1985). "The practice is eminently practical and conserves judicial resources for more pressing needs." *Jones v. Zimmerman*, 805 F.2d 1125, 1128 (3d Cir.1986). This doctrine normally applies unless it appears that the challenged convictions will cause additional, adverse collateral consequences for the Petitioner. *See Fuentes–Jimenez*, 750 F.2d at 1497.

The Government contends that the concurrent sentence doctrine should apply in Willits' case because the *Johnson* sentencing error was harmless and Willits is not serving an illegal sentence. The Government argues that this Court need not re-sentence Willits because the only effect the *Johnson* holding has on his sentence is removing the ACCA penalty from the section 922(g)(1) conviction, meaning that his 200–month sentence on Count Two should be reduced to no more than 120 months. His concurrent 200–month sentence as to the drug count remains undisturbed. Since these sentences were ordered to run concurrently, Willits will still serve a 200–month sentence.

The Government further contends that resentencing is unnecessary because Willits' ultimate sentence will not change, nor will the failure to remove his ACCA designation cause adverse collateral consequences. *See U.S. v. Vasquez–Vasquez*, 609 F.2d 234, 235 (5th Cir.1980) ("under the concurrent sentence doctrine it is unnecessary to review alleged errors concerning a conviction for which the defendant has received a sentence concurrent with that of an affirmed conviction ... where ... there is no substantial likelihood that the unreviewed conviction will adversely affect the defendant's parole" (citations omitted)[3] and *U.S. v. Hudacek*,

---

**2.** The *Rozier* Court stated:

> *Mixon*, [*U.S. v.*] *Oliver* [148 F.3d 1274 (11th Cir.1998)], and *Watkins* are all good law, because although the Sentencing Guidelines are now advisory under Booker, district courts must still consider the Guidelines and correctly calculate the advisory guideline range before imposing a sentence. [*U.S. v.*] *Livesay*, 525 F.3d [1081] at 1089 [(11th Cir.2008)]. Therefore, when imposing sentences for multi-count convictions, district courts must necessarily consider the interdependence of various crimes under the Guidelines. As such, the advisory nature of the Guidelines does not change our holding that a district court has jurisdiction to resentence a defendant on unchallenged counts of conviction, following a successful collateral attack, when the unchallenged and challenged counts are "interdependent" for sentencing purposes under the Guidelines. *See, e.g., Mixon*, 115 F.3d at 903. The Supreme Court's approval of sen-

tencing packages further supports our position. *See Greenlaw*, 554 U.S. at 253, 128 S.Ct. at 2569.

*Id.*

**3.** The United States Parole Commission guidelines are used by the Commission to determine how long a prisoner serves before being released on parole. 18 U.S.C. Section 4206 (1976); 28 C.F.R. Section 2.20 (1979). *See U.S. v. Rubin*, 591 F.2d 278 (5th Cir. 1979). Under these guidelines, the "offense severity rating" is based on the actual circumstances that are reliably established. United States Parole Commission Research Unit, Guideline Application Manual, at 4.08 (Nov. 1977 No. 16) (Adopted by the Commission as Appendix 4, U.S. Parole Commission Procedure Manual, May 1, 1978). Consequently, a reversed conviction is accorded the same weight as an affirmed conviction when the reversal is based on grounds unrelated to guilt or innocence. *See U.S. v. Rubin, supra.*

24 F.3d 143, 147 n. 1 (11th Cir.1994) (noting that the monetary special assessment paid as a result of the challenged conviction was an adverse collateral consequence that precluded application of the concurrent sentence doctrine) (citing *Ray v. U.S.*, 481 U.S. 736, 737, 107 S.Ct. 2093, 95 L.Ed.2d 693 (1987)).

According to the Government, the related special assessments for each of Willits' Counts One and Two are not affected by the ACCA enhancement because Willits remains convicted of both counts and the two special assessments were mandatory and appropriate. Neither will Willits' security classification and eligibility for special programs within the Bureau of Prisons be negatively affected because these collateral consequences are the result of his section 922(g) conviction, regardless of whether this offense was enhanced under section 924(e). (*See* Bureau of Prisons Program Statement 5162.05, "Categorization of Offenses" attached to Doc. cv–11 as Exhibit 1).[4] This statement reflects that convictions for violations of 18 U.S.C. § 922(g) are included in the section identifying "Criminal Offenses That are Crimes of Violence in All Cases." (*See* Policy at pp. 2–4, section 3(a)(1); *see also* section 4(d)(2)(e) at p. 15 ("All offenses under 18 U.S.C. § 922(g) shall preclude an inmate from receiving certain Bureau program benefits.").

Alternatively, this Court may grant Willits' motion in part, creating a record through which the BOP is notified that Willits should no longer be classified as an armed career criminal.

4. Codified at 28 C.F.R. § 550.50(b).

5. The difficulty in predicting possible adverse collateral consequences has cautioned at least

### Willits' Position Relative to the Concurrent Sentencing Doctrine

Willits contends that the concurrent sentence doctrine is not applicable in his case because the application of the doctrine would result in Willits' suffering adverse collateral consequences.

■ The Government bears the burden of proving that no adverse collateral consequences will follow from leaving a challenged conviction unreviewed. *See U.S. v. Young*, 975 F.2d 1537, 1540 (11th Cir. 1992); *U.S. v. Caldwell*, 776 F.2d 989, 1006 n. 21 (11th Cir.1985); *U.S. v. Davis*, 730 F.2d 669, 671 n.2 (11th Cir.1984) (declining to apply the concurrent sentence doctrine because the government made no affirmative showing that the likelihood of harm to the defendant in the form of adverse collateral consequences was so remote as to be insignificant). The Government may meet this burden through a careful review of the possible collateral consequences, including possible sentences for later crimes.[5] *See Newman v. U.S.*, 817 F.2d 635, 637 (10th Cir.1987), *abrogated on other grounds by Griffin v. U.S.*, 502 U.S. 46, 112 S.Ct. 466, 116 L.Ed.2d 371 (1991).

Willits contends that adverse collateral consequences include more than BOP classifications and eligibility for special programs. Adverse collateral consequences include potentially undesirable consequences apart from the immediate sentence. *See Newman*, 817 F.2d at 637; *see also U.S. v. Montoya*, 676 F.2d 428, 432–33 (10th Cir.1982) (discussing possible adverse consequences).

Willits contends that he may suffer adverse collateral consequences if his ACCA

one Circuit to eschew the concurrent sentence doctrine. *See U.S. v. Kincaid*, 898 F.2d 110, 111–12 (9th Cir.1990); *U.S. v. De Bright*, 730 F.2d 1255 (9th Cir.1984).

sentence goes unreviewed because he could be imprisoned up to three years longer if he violates his supervised release. *See Newman*, 817 F.2d at 637 (stating that adverse collateral consequences includes possible sentences for later crimes). Willits' alleges that if his ACCA sentence is not vacated, a violation of his supervised release on that offense will result in the possibility of being sentenced to 5 years incarceration following the violation. *See* 18 U.S.C. § 3559(a)(1) (stating that offenses that carry a maximum term of life imprisonment [such as ACCA-enhanced sentences] are Class A felonies); 18 U.S.C. § 3583(e)(3) (stating that the revocation of a term of supervised release on a Class A felony carries up to 5 years incarceration). However, if Willits' ACCA sentence is vacated, a violation of his supervised release on that offense will carry only a maximum of 2 years incarceration. *See* 18 U.S.C. § 3559(a)(3) (stating that offenses that carry a maximum term of 10 years incarceration are Class C felonies); 18 U.S.C. § 924(a)(2) (stating that a conviction for § 922(g) carries a maximum of 10 years incarceration); 18 U.S.C. § 3583(e)(3) (stating that the revocation of a term of supervised release on a Class C felony carries up to 2 years incarceration).

Willits claims that his serving a concurrent term of supervised release on his drug count does not affect this analysis. He alleges that although both of his terms of supervised release run· concurrently, if Willits violates his supervised release, the District Court may sentence him to consecutive terms of imprisonment for the violation of each term of supervised release. *See U.S. v. Quinones*, 136 F.3d 1293, 1295 (11th Cir.1998).

Because Willits may suffer adverse collateral consequences if his ACCA sentence is left unreviewed, including the possibility of a longer term of imprisonment upon the revocation of supervised release, the con-current sentence doctrine cannot be applied and Willits is entitled to resentencing.

Accordingly, the Court orders:

That Willits' 28 U.S.C. § 2255 motion to vacate (Doc. cv-1; cr-60) is granted to the extent that the Court will set a date for Willits' resentencing in his criminal case. The Clerk is directed to close this case.

ORDERED at Tampa, Florida, on April 26, 2016.