[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 15-15337
Non-Argument Calendar
_____

D.C. Docket No. 1:93-cr-00252-UU-3


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

KEVIN DENARD ROZIER,
a.k.a. Bo,
a.k.a. Cowboy,
a.k.a. Slick,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

Before JULIE CARNES, JILL PRYOR, and DUBINA, Circuit Judges.

PER CURIAM:

Appellant Kevin Denard Rozier ("Rozier") appeals his total 40-year sentence, imposed by the district court following two successful post-conviction proceedings. Rozier was convicted of two counts of distributing cocaine, in violation of 21 U.S.C. § 841(a)(1) ("counts 5 and 6"), and one count of possessing a firearm as a convicted felon, in violation of 18 U.S.C. § 922(g)(1) ("count 20"). Prior to his first post-conviction proceeding, a 28 U.S.C. § 2241 petition, he was sentenced to 20 years' imprisonment on counts 5 and 6, to run concurrently, and to life imprisonment on count 20, also to run concurrently. In 2011, following his successful § 2241 petition challenging only his sentence on count 20, the district court resentenced him to 20 years' imprisonment on counts 5 and 6, to run consecutively, and to 10 years' imprisonment on count 20, to run consecutively. In 2014, following his second successful post-conviction proceeding, a 28 U.S.C. § 2255 motion, his sentence was vacated because he was denied the opportunity to allocute. In 2015, the district court resentenced Rozier to 20 years' imprisonment on count 5; 20 years' imprisonment on count 6, 10 of which would run concurrent to his sentence on count 5 and 10 of which would run consecutive; and 10 years on count 20, to run consecutive to his sentences on counts 5 and 6.

On appeal, Rozier first argues that the district court did not have the authority to impose a partially consecutive sentence. Second, he contends that the district court erred by utilizing his 2011 presentence investigation report ("PSI") at

his 2015 resentencing.  Third, Rozier asserts that the district court incorrectly calculated and applied the Guidelines to his case.  Fourth, he argues that his sentence is procedurally and substantively unreasonable.  Finally, Rozier contends that his case should be remanded to a different judge.  We address each of the arguments below.

I.

First, Rozier argues that because his § 2241 petition only challenged his § 922(g) conviction, the district court did not have the authority to reconsider and change his sentences on counts 5 and 6, which were originally imposed to run concurrently.  He asserts that our rulings on his prior direct appeals—which held that his drug and gun convictions were interdependent—were clearly erroneous.

We review questions concerning the jurisdiction of the district court de novo.  *United States v. Oliver*, 148 F.3d 1274, 1275 (11th Cir. 1998).

To begin with, a district court has jurisdiction to resentence a defendant on all counts of a conviction, provided that the counts are interdependent.  *See United States v. Fowler*, 749 F.3d 1010, 1015-16 (11th Cir. 2014).  Further, the law-of-the-case doctrine states that an issue decided at one stage of a case is binding at later stages of the same case, including where a party had the opportunity to appeal a district court's ruling on appeal on an issue but did not do so.  *United States v. Escobar-Urrego*, 110 F.3d 1556, 1560-61 (11th Cir. 1997).  Once such a decision

becomes final, the law-of-the-case doctrine is operative. *Vintilla v. United States*, 931 F.2d 1444, 1447 (11th Cir. 1991). There are three exceptions to the law-of-the-case doctrine: (1) there is new evidence; (2) there is an intervening change in the controlling case law that would change the result; or (3) the decision was clearly erroneous and would cause manifest injustice. *Escobar-Urrego*, 110 F.3d at 1561.

"Our case law equates manifest injustice with the plain error standard of review," such that "[t]o demonstrate manifest injustice, a petitioner must demonstrate (1) that there was error; (2) that was plain; (3) that affected his substantial rights; and (4) that affected the fundamental fairness of the proceedings." *United States v. Quintana*, 300 F.3d 1227, 1232 (11th Cir. 2002). To show that an error affected one's substantial rights, the defendant must show that there is a reasonable probability of a different result in the outcome of his case. *United States v. Rodriguez*, 398 F.3d 1291, 1299 (11th Cir. 2005). Finally, unless the explicit language of a statute or rule resolves an issue, there can be no plain error where there is no precedent from the Supreme Court or this court directly resolving it. *United States v. Lejarde-Rada*, 319 F.3d 1288, 1291 (11th Cir. 2003).

Here, the district court had the authority to reconsider the sentences imposed on counts 5 and 6, because we previously ruled that Rozier's gun and drug counts were interdependent. *See United States v. Rozier*, 485 F. App'x 352, 356 (11th

4

Cir. 2012) (noting that, in Rozier's 2002 direct appeal, this court ruled that the drug and firearms offenses in his case were interdependent for sentencing purposes, because count 20 involved conduct that was treated as a special offense characteristic in the Guidelines applicable to counts 5 and 6, and they were all grouped together).

Although Rozier contends that the law-of-the-case doctrine should not apply because this court's prior rulings on the interdependence issue was clearly erroneous, he fails to show that the decision resulted in manifest injustice. *See Escobar-Urrego*, 110 F.3d at 1561. The explicit language of a statute or rule does not resolve this issue, and Rozier does not point to any binding precedent from this court or the Supreme Court that directly resolves it. As manifest injustice is equated with the plain error standard, and there can be no plain error where there is no binding authority to resolve the issue, the manifest injustice exception to the law-of-the-case doctrine does not apply. In short, because the interdependence question was decided in an earlier appeal, and none of the exceptions to the law-of-the-case doctrine apply, we may not reconsider the issue in this appeal.[1]

---

[1] Moreover, Rozier's claim fails on the merits. Convictions are interdependent when they are part of a sentencing package. *See Fowler*, 749 F.3d at 1015. The sentencing package doctrine is a judicial practice that permits a district court to resentence a defendant on all counts of conviction where: (1) the defendant was sentenced on multiple counts, such that the overall sentence is a package of interrelated sanctions for all of the offenses; (2) one of the defendant's convictions subsequently is vacated; and (3) the district court needs to "reconstruct the sentence package" so that that the overall sentence comports with the Guidelines, the 18 U.S.C. § 3553(a) factors, and the court's opinion of a proper sentence for the remaining convictions. *Id.* at 1015-16. Here, it is clear the district court sentenced Rozier on all counts of his conviction as a package based upon the Sentencing Guidelines and the 18 U.S.C. § 3553(a) factors. At Rozier's 2001 resentencing, the district court explicitly stated that Rozier's sentence was a "sentencing package." [DE 2329 at 4, 6]. Similarly, in 2011, the district court reiterated that Rozier had

II.

Second, Rozier argues that imposing a consecutive sentence violated U.S.S.G. § 5G1.2(d), and that the violation was not clear because the probation office failed to provide a revised PSI before his 2015 resentencing. He contends that the 2011 PSI did not account for changes in the 2015 Guidelines related to the career offender enhancement and did not update the offense conduct to reflect that other convictions had been dismissed. He also asserts that the district judge erred by failing to verify that he read the PSI. Additionally, Rozier argues that the offense level for the amount of cocaine base for which he was held accountable, 20 kilograms, was decreased by 2 levels under the 2015 Guidelines, making his guideline range 360 months' imprisonment to life. Finally, Rozier asserts that § 5G1.2(d) only allows courts to impose consecutive sentences to meet the "total punishment," which he contends refers to the low end of the applicable range, and, thus, the court could not impose a sentence above 30 years' imprisonment.

As an initial matter, because Rozier did not object to the court's use of the 2011 PSI for his 2015 resentencing, any challenges related to using the 2011 PSI are reviewed for plain error. *See United States v. Richardson*, 166 F.3d 1360, 1361 (11th Cir. 1999).

---

always been sentenced to a package sentence, with each count being interdependent. [DE 2218 at 6]. The district court stated that "the intent here always was to pronounce a sentencing package" and "the intention always has been to sentence Mr. Rozier to the most time I could possibly sentence him to." [DE 2194 at 3]. Thus, it is clear that counts 5 and 6 and count 20 are part of a sentencing package, and therefore interdependent.

Here, use of the 2011 PSI at Rozier's 2015 resentencing was not plain error, as it did not affect his substantial rights. *See Quintana*, 300 F.3d at 1232. Rozier has not shown that there is a reasonable probability that any error resulting from using the 2011 PSI would have changed the outcome of his case. *See Rodriguez*, 398 F.3d at 1299.

First, Rozier's contention that the 2011 PSI did not account for changes in the 2015 Guidelines related to the career offender enhancement is meritless, because his offense level calculation was based on the amount of drugs for which he was held accountable, not his status as a career offender. [*See* PSI ¶¶75, 82].

Second, Rozier's argument regarding the failure to remove offense conduct relating to his acquitted and dismissed convictions is foreclosed by the law-of-the-case doctrine, because Rozier made numerous factual objections prior to his 2011 resentencing, including objections to the facts in the PSI relating to the alleged conspiracy and ongoing criminal activity, and he did not appeal the court's denial of those objections on direct appeal. No exceptions to the law-of-the-case doctrine apply.

Third, Rozier correctly points out that the offense level of the amount of cocaine base for which he was held accountable, 20 kilograms, was reduced from a level 38 under the 2010 Guidelines to a level 36 under the 2015 Guidelines. However, the record indicates that the district court agreed with Rozier, and

reduced his offense level by 2, because the court calculated a guidelines range of 360 months' imprisonment to life, corresponding to an offense level of 42.  If the offense level had remained at 44, the guideline range would have been life imprisonment.

Fourth, the district court did not commit plain error when it failed to personally ask Rozier if he read the PSI, because Rozier has not shown that there is a reasonable probability that his sentence would have been different if the court had asked him whether he read the PSI.  Moreover, the record shows that the district court did, in fact, ask Rozier's counsel if he reviewed the PSI with his client, and that his counsel assured the court he had.  [DE 2322 at 2].

Finally, we conclude that the district court did not plainly err under § 5G1.2(d) by imposing a partially consecutive sentence to achieve a total sentence that was within the guideline range.  The Guidelines state, "[i]f the sentence imposed on the count carrying the highest statutory maximum is less than the total punishment, then the sentence imposed on one or more of the other counts shall run consecutively, but only to the extent necessary to produce a combined sentence equal to the total punishment."  U.S. SENTENCING GUIDELINES MANUAL § 5G1.2(d) (U.S. SENTENCING COMM'N 2016).  The language of § 5G1.2(d) does not explicitly state that consecutive sentences may only be imposed to reach the low end of the applicable guideline range, and Rozier does not cite to any binding authority from

this court or the Supreme Court to support such a contention. Accordingly, there can be no plain error as to this issue. *See Lejarde-Rada*, 319 F.3d at 1291.

### III.

Third, Rozier argues that the district court incorrectly calculated and applied the Guidelines. He challenges the application of the firearm enhancement; the reliance on acquitted and dismissed conduct; the application of the enhancement for his role as a leader; and his designation as a career offender.

In reviewing a district court's Guidelines calculation, we review the findings of fact for clear error and the application of the Guidelines to those facts *de novo. United States v. Belfast*, 611 F.3d 783, 823 (11th Cir. 2010).

Here, we conclude that the district court did not err in calculating and applying the Guidelines. First, Rozier's challenges to the firearm enhancement under § 2D1.1(b)(1), the use of acquitted and dismissed conduct, and the role enhancement under § 3B.1.1 are barred by the law-of-the case doctrine, because Rozier made identical objections prior to his 2011 resentencing–which the district court overruled–and did not appeal the court's rulings on direct appeal. [PSI Addendum 6]; *Rozier III*, 485 F. App'x at 354. Further, none of the law-of-the-case doctrine exceptions apply.

Additionally, Rozier's argument that the district court erred by determining that he was a career offender was not raised before the district court, and thus, is

9

reviewed for plain error only. Rozier's career offender designation was not plain error, as it did not affect his substantial rights, because his offense level calculation was based on the amount of drugs for which he was held accountable, not his status as a career offender. *See Quintana*, 300 F.3d at 1232. Accordingly, we conclude that the district court did not err in calculating and applying the Guidelines to Rozier's case.

## IV.

Fourth, Rozier contends that his sentence is procedurally unreasonable due to the errors he alleged in Issue 3, and because the district court failed to properly consider the mitigating sentencing factors, such as unwarranted sentencing disparities, his personal characteristics, and his rehabilitation. Rozier also argues that his sentence was substantively unreasonable, because it was higher than necessary to comport with the statutory purposes of sentencing and was longer than the sentences of his codefendants.

We review the reasonableness of a sentence under a deferential abuse-of-discretion standard. *Gall v. United States*, 552 U.S. 38, 41, 128 S. Ct. 586, 591 (2007). However, when a defendant fails to object at the time of sentencing to the procedural reasonableness of a sentence imposed by a district court, we review the argument for plain error. *United States v. Vandergrift*, 754 F.3d 1303, 1307 (11th Cir. 2014).

10

We employ a two-step process in reviewing the reasonableness of a sentence. *United States v. Pugh*, 515 F.3d 1179, 1190 (11th Cir. 2008). We look first at whether the district court committed any significant procedural error and then at whether the sentence is substantively reasonable under the totality of the circumstances. *United States v. Tome*, 611 F.3d 1371, 1378 (11th Cir. 2010). The party challenging the sentence has the burden of demonstrating that it is unreasonable in light of the record and the sentencing factors. *Id.*

In analyzing a sentence for significant procedural error, we examine factors such as whether the district court failed to calculate (or improperly calculated) the guideline range, treated the Guidelines as mandatory, failed to consider the § 3553(a) factors, selected a sentence based on clearly erroneous facts, or failed to adequately explain the chosen sentence. *Gall*, 552 U.S. at 51, 128 S. Ct. at 596. Nonetheless, where the record makes clear that the sentencing judge considered the evidence and arguments for imposing a sentence outside the guideline range, even a briefly worded statement of reasons for imposing a sentence is legally sufficient. *Rita v. United States*, 551 U.S. 338, 359, 127 S. Ct. 2456, 2469 (2007). Moreover, nothing requires the district court to state on the record that it has explicitly considered each of the § 3553(a) factors or to discuss each of the § 3553(a) factors, and the sentence may be upheld as reasonable when the record indicates that the

11

court considered a number of the sentencing factors. *United States v. Dorman*, 488 F.3d 936, 944 (11th Cir. 2007).

A district court must impose a sentence "sufficient, but not greater than necessary to comply with the purposes" listed in § 3553(a)(2), including the need to reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, deter criminal conduct, and protect the public from the defendant's future criminal conduct. *See* 18 U.S.C. § 3553(a)(2) (2012). In imposing its sentence, the district court must also consider the nature and circumstances of the offense, the history and characteristics of the defendant, the kinds of sentences available, the applicable guideline range, and the need to avoid unwarranted sentencing disparities among defendants with similar records who have been found guilty of similar conduct. *Id.* § 3553(a)(1), (3)-(4), (6).

The weight accorded to any given § 3553(a) factor is a matter committed to the sound discretion of the district court. *United States v. Clay*, 483 F.3d 739, 743 (11th Cir. 2007). However, a district court abuses its discretion when it (1) fails to afford consideration to relevant factors that were due significant weight, (2) gives significant weight to an improper or irrelevant factor, or (3) commits a clear error of judgment in considering the proper factors. *United States v. Irey*, 612 F.3d 1160, 1189 (11th Cir. 2010) (*en banc*). Furthermore, a district court's unjustified reliance on any one § 3553(a) factor to the detriment of all the others may be a

symptom of an unreasonable sentence. *United States v. Crisp*, 454 F.3d 1285, 1292 (11th Cir. 2006).

Finally, although we do not automatically presume a sentence within the guideline range to be reasonable, we ordinarily expect such a sentence to be reasonable. *United States v. Hunt*, 526 F.3d 739, 746 (11th Cir. 2008). A sentence well below the statutory maximum penalty is another indicator of reasonableness. *See United States v. Gonzalez*, 550 F.3d 1319, 1324 (11th Cir. 2008).

As an initial matter, Rozier did not object to the procedural reasonableness of his sentence at the sentencing hearing, and, thus, the issue is reviewed for plain error. *See Vandergrift*, 754 F.3d at 1307.

The district court did not plainly err as to the procedural reasonableness of Rozier's sentence. First, as discussed in Issue 3, the court did not improperly calculate the guideline range. Moreover, the record indicates that the district court adequately explained the chosen sentence and considered a number of the § 3553(a) factors, such as the nature of the offense; the need for the sentence to reflect the seriousness of the offense, provide just punishment, deter future criminal conduct, and protect the public; the kinds of sentences available and the guideline range; and potential sentence disparities. *See* 18 U.S.C. § 3553(a)(1)-(4), (6). Also, the district court explicitly stated that it had considered the statements of

13

the parties, the PSI, the Guidelines, and the statutory factors.  *See Rita*, 551 U.S. at 359, 127 S. Ct. at 2469.

Additionally, Rozier has not demonstrated that his sentence is substantively unreasonable.  As discussed above, the record shows that the district court weighed the § 3553(a) factors before imposing Rozier's sentence.  Also, while Rozier's codefendants may have received a shorter sentence, the district court explicitly noted that the codefendants were not convicted of the same offenses as Rozier and did not have his same criminal history.  Furthermore, Rozier's 40-year total sentence was within the guideline range and below the statutory maximum penalty of a consecutive total sentence of 50 years' imprisonment, two indicators of a reasonable sentence.  *See* 21 U.S.C. § 841(b)(1)(C); 18 U.S.C. § 924(a)(2); *Hunt*, 526 F.3d at 746; *Gonzalez*, 550 F.3d at 1324.

V.

Finally, Rozier argues that, if we remand his case, it should be remanded to a different judge, because the district court displayed pervasive judicial bias.

We need not address Issue 5, because our review of the record persuades us that the district court committed no reversible error.  Accordingly, we affirm Rozier's sentence.

**AFFIRMED.**